## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. ALEXANDER.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK

No. 738. Submitted December 2, 1912.—Decided February 3, 1913.

In order to hold a corporation personally liable in a foreign jurisdiction it must appear that the corporation was within the jurisdiction and that process was duly served upon one of its authorized agents.

A corporation is not amenable to service of process in a foreign juris-
diction unless it is transacting business therein to such an extent as
to subject itself to the jurisdiction and laws thereof.

Under the Carmack Amendment the initial carrier is not liable to suit
in a foreign district unless it is carrying on business in the sense which
would render other foreign corporations amenable to process.

No all embracing rule has been laid down as to what constitutes the
manner of doing business by a foreign corporation to subject it to
process in a given jurisdiction. Each case must be determined by
its own facts.

The business done by a foreign corporation must be such in character
and extent as to warrant the inference that it has subjected itself
to the jurisdiction.

Where a railroad company establishes an office in a foreign district
and its agents there attend to claims presented for settlement, as
was done in this case, it is carrying on business to such an extent
as to render it amenable to process under the law of that State.

Service of process on a resident director of a foreign corporation ac-
tually doing business in the State of New York is sufficient to give
the court jurisdiction of the corporation.

The facts, which involve the construction of the Car-
mack Amendment as to the place where the initial car-
rier may be sued, and also as to what constitutes carrying
on business within a district so as to make the initial
carrier amenable to process therein, are stated in the
opinion.

*Mr. Lawrence Greer* and *Mr. F. C. Nicodemus, Jr.,* for
plaintiff in error:

The requirements of due process of law forbid that a
corporation be held amenable to service of process in a
foreign jurisdiction unless engaged in business therein of
such character and in such a manner and to such an ex-
tent as to bring itself within the jurisdiction so that
service of process upon an agent directly representing the
authority of the corporation would constitute reasonable
notice to the corporation to appear and defend. *Bank of
Augusta* v. *Earle,* 13 Pet. 519; *Barrow Steamship Co.* v.
*Kane,* 170 U. S. 100; *Conley* v. *Mathieson Alkali Works,*

190 U. S. 46; *Connecticut Mutual Life Insurance Co. v. Spratley,* 172 U. S. 602; *Denver & Rio Grande R. R. Co.* v. *Roller,* 100 Fed. Rep. 738; *Earle* v. *Chesapeake & Ohio Ry. Co.,* 127 Fed. Rep. 235; *Ex parte Schollenberger,* 96 U. S. 369; *Fairbank & Co.* v. *Cincinnati, New Orleans & Texas Pac. Ry. Co.,* 54 Fed. Rep. 420; *Fitzgerald & Mallory Construction Co.* v. *Fitzgerald,* 137 U. S. 98; *Geer* v. *Mathieson Alkali Works,* 190 U. S. 428; *Green* v. *C., B. & Q. Ry. Co.,* 205 U. S. 530; *Goldey* v. *Morning News,* 156 U. S. 518; *Herndon-Carter Co.* v. *Norris, Son & Co.,* 224 U. S. 496; *In re Hohorst, Petitioner,* 150 U. S. 653; *Lafayette Ins. Co.* v. *French,* 18 How. 405; *Maxwell* v. *Atchison, Topeka & Santa Fe R. R. Co.,* 34 Fed. Rep. 286; *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 437; *Merchants' Mfg. Co.* v. *Grand Trunk Ry. Co.,* 13 Fed. Rep. 358; *Mexican Central Ry. Co.* v. *Pinkney,* 149 U. S. 194; *New England Mutual Life Ins. Co* v. *Woodworth,* 111 U. S. 138; *Pennsylvania Lumbermen's Ins. Co.* v. *Meyer,* 197 U. S. 407; *Peterson* v. *Chic., Rock Island & Pac. Ry. Co.,* 205 U. S. 364; *Societe Fonciere et Agricole des Etats Unis* v. *Milliken,* 135 U. S. 304; *St. Clair* v. *Cox,* 106 U. S. 350; *Tuchband* v. *Chic. & Alton R. R. Co.,* 115 N. Y. 437; *Union Associated Press* v. *Times-Star Co.,* 84 Fed. Rep. 419.

Although engaged in business within the State of New York, and elsewhere throughout the United States, in the usual and customary course of interstate commerce conducted in obedience to the provisions of the act of Congress regulating trade and commerce among the several States, the plaintiff in error is not engaged in business within the State of New York, so as to be amenable to service of process therein. *Conley* v. *Mathieson Alkali Works,* 190 U. S. 46; *Pennsylvania Lumbermen's Ins. Co.* v. *Meyer,* 197 U. S. 407; § 1, act of Congress approved February 4, 1887, as am nded by act of Congress approved June 10, 1910; § 20, act of Congress approved February 4, 1887, as amended by act of Congress approved January 20,

1906; *Allen* v. *Pullman Co.*, 191 U. S. 171; *Hall* v. *DeCuir*, 95 U. S. 485; *Pullman Co.* v. *Adams*, 189 U. S. 420.

*Mr. Phelan Beale* for defendant in error:

The cause of action herein arose within the State of New York and certain acts were to be performed there which bring the case within the purview of *Pennsylvania Lumbermen's Ins. Co.* v. *Meyer*, 197 U. S. 407, therefore the service herein must be sustained. *Burckle* v. *Eckhardt*, 3 N. Y. 132; *Childs* v. *Harris*, 104 N. Y. 480; *Coghlan* v. *S. C. R. R. Co.*, 142 N. Y. 101; *Connecticut Mutual Life Assurance Co.* v. *Cleveland, Columbus & Cincinnati R. R. Co.*, 28 How. Pr. 180; *Ellis* v. *Willard*, 9 N. Y. 529; *Hiller* v. *Burlington & Missouri R. R. Co.*, 70 N. Y. 228; *Illinois Central R. R. Co.* v. *Beebe*, 174 Illinois, 13; *Scudder* v. *Union Nat. Bank of Chicago*, 91 U. S. 406; *State Tax on Foreign Bonds*, 15 Wall. 300; *Sprawn* v. *Brandt-Dent. Co.*, 71 App. Div. 236, aff'd. 175 N. Y. 463; *Union Nat. Bank* v. *Chapman*, 169 U. S. 538; *Waldron* v. *Canadian Pac. R. R. Co.*, 22 Washington, 353; § 432, New York Code of Civil Procedure.

The decisions in the cases of *Atlantic Coast Line* v. *Riverside Mills*, construing the Carmack Amendment to the Hepburn Act, show conclusively that the plaintiff in error was actually engaged in doing business within the State of New York. *Atlantic Coast Line R. Co.* v. *Riverside Mills*, 219 U. S. 186; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Wallace*, and *Same* v. *Crow*, 223 U. S. 481; *Pennsylvania Lumbermen's Ins. Co.* v. *Meyer*, 190 U. S. 407; 34 Stat. L. 74, Chap. 3591, § 20.

Mr. Justice Day delivered the opinion of the court.

The defendant in error, Alexander, filed his complaint against the plaintiff in error, St. Louis Southwestern Rail-

way Company of Texas, a Texas corporation, in the Supreme Court of New York County to recover damages for loss sustained by him arising from the alleged negligence of the railway company in failing to properly ice and re-ice certain poultry shipped from Waco, Texas, to New York City under a bill of lading given by the railway company to the shipper, the Texas Packing Company. Upon the petition of the railway company the case was removed to the Circuit Court of the United States for the Southern District of New York. That court denied a motion to vacate and quash service of summons and to dismiss for want of jurisdiction, and upon trial judgment was entered for the defendant in error. The District Court, succeeding to the jurisdiction of the Circuit Court, allowed a writ of error and certified to this court the question of jurisdiction under § 238 of the Judicial Code (March 3, 1911, c. 231, 36 Stat. 1087).

When the plaintiff in error received the poultry from the Texas Packing Company at Waco on November 25, 1910, for shipment to New York City, it delivered to the packing company a through bill of lading in which it acknowledged receipt of the property and agreed to carry the freight "to its usual place of delivery at said destination, if on its road, otherwise to deliver to another carrier on the route to said destination," and in which was set out, among others, the following conditions:

"Sec. 2. In issuing this bill of lading this company agrees to transport only over its own line, and except as otherwise provided by law acts only as agent with respect to the portion of the route beyond its own line.

"Sec. 3. Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property. . . . Unless claims are so made the carrier shall not be liable."

The route, as shown by the bill of lading, was "Cotton

Belt to East St. Louis, care of Big 4 E. St. Louis, care of Nickel Plate Route." On December 5, 1910, the freight was delivered in a damaged condition to the defendant in error, to whom the bill of lading had been endorsed.

Alexander brought suit on July 10, 1911, against the plaintiff in error in the Supreme Court of New York County and caused summons to be served upon Lawrence Greer, one of the directors of the plaintiff in error residing in New York, in accordance with the laws of New York. Subsequently the case was removed to the United States Circuit Court on the ground of diversity of citizenship. The plaintiff in error filed a motion to vacate and quash the attempted service of summons and to dismiss the cause "for want of jurisdiction over the person of said St. Louis Southwestern Railway Company of Texas, for the reason that said St. Louis Southwestern Railway Company of Texas is a foreign corporation, organized and existing under the laws of the State of Texas, is not doing business within the State of New York, is not found within said State and is not amenable to service therein, and has not waived due service of summons herein by voluntary appearance or otherwise." The Circuit Court denied the motion, holding that the service was in accordance with the New York laws, provided the action arose in that State, and that the action did so arise, for, although the contract was made in Texas, it called for delivery in New York, and the bill of lading required that the claim be presented to the carrier at the point of delivery; and holding further that, upon the authority of *Atlantic Coast Line R. R. Co.* v. *Riverside Mills*, 219 U. S. 186, and *Pennsylvania Lumbermen's Mutual Fire Insurance Company* v. *Meyer*, 197 U. S. 407, under the Carmack Amendment to the Hepburn Act (June 29, 1906, 34 Stat. 584, 595, c. 3591, § 20), the plaintiff in error was doing business in the State of New York to the extent that the Federal courts acquired

jurisdiction of a removed cause in which summons had been served in accordance with the state laws.

After an answer had been filed by the plaintiff in error, trial was had in the District Court (the Judicial Code having become effective), the plaintiff in error duly renewing, at the opening of the trial and subsequent stages, its motion to vacate and quash the service and to dismiss the action for want of jurisdiction, which was denied upon the authority of the prior order. After final judgment had been entered upon the verdict for the plaintiff, the District Court certified to this court the question of jurisdiction.

The record discloses the following facts in regard to the relationship existing between the plaintiff in error and the St. Louis Southwestern Railway Company and their activities in the State of New York: The St. Louis Southwestern Railway Company, a Missouri corporation, and the plaintiff in error comprise what is commonly known as the "Cotton Belt Route," running from St. Louis, Missouri, through the States of Illinois, Missouri, Tennessee, Arkansas and Louisiana into Texas, with nearly one-half of the mileage in Texas. A map of the two roads contained in their "Official List," showing the route of the system, makes no distinction whatsoever between the trackage routes of the two lines.

All the stock of the plaintiff in error, save qualifying shares, is owned by the Missouri company, and the funded debt, mortgages and other obligations and assets of the plaintiff in error are owned and controlled by the Missouri company. In a certain application to the New York Stock Exchange requesting it to list securities of the Missouri company made by the secretary of that company, it was stated that the proceeds were to be used for equipping and extending certain branches of the plaintiff in error. Certain banks and trust companies in New York City act as registrars, trustees, transfer agents and agents

for the two companies, the obligations being secured by mortgages upon the properties of both corporations.

The general officers and agents of one company hold similar positions with the other. The annual report of the plaintiff in error and the Missouri company are combined, and the Texas company is referred to therein as a part or division of the Missouri corporation. Throughout the report reference is made to the "entire system," and in various respects the two lines are treated as one system.

It further is shown that upon the door of an office in New York City there appears the sign "Cotton Belt Route," which words are also found on the stationery of the plaintiff in error and the Missouri company, and that beneath the symbol appears "St. Louis Southwestern Lines," and underneath the names P. H. Coombs, General Eastern Freight and Passenger Agent and C. W. Braden, Travelling Freight Agent. In official pamphlets of the two roads the names of the plaintiff in error and the St. Louis Southwestern Railway Company are bracketed together to show that they constitute the Cotton Belt Route.

Before the action was commenced the defendant in error had considerable correspondence in regard to the claim with P. H. Coombs, of the New York office, in which the defendant in error stated that the plaintiff in error was the initial carrier and as such would be held liable for the amount of the damage. Replies were received to all such letters, acknowledging receipt and showing the attention and investigation which the claim was receiving and stating that all claims were handled by the general offices at either St. Louis or Tyler, Texas, and that the letters were being sent to the St. Louis office of the Missouri company and that it was hoped a satisfactory reply from the St. Louis office would be received at an early date. One letter was forwarded to S. C. Johnson, Auditor of the Missouri Company, Freight Claim Division, and General

Adjuster of all freight claims of the Cotton Belt Route, who replied that he would review the matter and write fully regarding the company's position.

In this class of cases, where it is undertaken to hold a corporation personally liable in a foreign jurisdiction, two questions ordinarily arise: the first, Was the corporation within the jurisdiction in which it is sued? the second, Was process duly served upon an authorized agent of the corporation? As to the latter question, there is little difficulty in this case. The cause of action having accrued in New York by the failure to keep the contract for the safe delivery of the goods there, the service could be properly made under the New York statute, in the absence of other designated officials, upon the resident director. *Pennsylvania Lumbermen's Mutual Fire Insurance Company* v. *Meyer,* 197 U. S. 407.

The other question as to the presence of the corporation within the jurisdiction of the court in which it was sued raises more difficulty. A long line of decisions in this court has established that in order to render a corporation amenable to service of process in a foreign jurisdiction it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof. *The Lafayette Ins. Co.* v. *French,* 18 How. 404; *St. Clair* v. *Cox,* 106 U. S. 350; *Goldey* v. *Morning News,* 156 U. S. 518; *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406; *Geer* v. *Mathieson Alkali Works,* 190 U. S. 428; *Peterson* v. *Chicago, Rock Island & Pac. Ry. Co.,* 205 U. S. 364; *Green* v. *Chicago, Burlington & Quincy Ry. Co.,* 205 U. S. 530; *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 437; *Herndon-Carter Co.* v. *Norris, Son & Co.,* 224 U. S. 496.

In the court below it was adjudged that the so-called Carmack Amendment, under the circumstances here detailed, had had the effect of making the corporation liable to suit in New York and, because of the agency within

New York of the connecting carrier, effected by that statute, must be held to be there present and subject to service of process. In view of the recent consideration of the Carmack Amendment in this court it is unnecessary to now enter upon any extended discussion of it. The object of the statute was to require the initial carrier receiving freight for transportation in interstate commerce to obligate itself to carry to the point of destination, using the lines of connecting carriers as its agencies, thus securing for the benefit of the shipper unity of transporation and responsibility. *Atlantic Coast Line R. R. Co.* v. *Riverside Mills*, 219 U. S. p. 203. The provisions of the amendment had the effect of facilitating the remedy of the shipper by making the initial carrier responsible for the entire carriage, but the amendment was not intended, as we view it, to make for * corporations through connecting carriers liable to suit in a district where they were not carrying on business in the sense which has heretofore been held necessary to confer jurisdiction.

We reach the conclusion that this case is to be decided upon the principles which have heretofore prevailed in determining whether a foreign corporation is doing business within the district in such sense as to subject it to suit therein. This court has decided each case of this character upon the facts brought before it and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process. *Lafayette Ins. Co.* v. *French, supra*, p. 407; *Green* v. *Chicago, Burlington & Quincy Ry. Co., supra*, p. 532. Applying the general princi-

ples which we regard as settled by this court, Was this company doing business in the State of New York in that sense?

The testimony discloses that the two roads together constitute a continuous line from St. Louis, through the States of Illinois, Missouri, Tennessee, Arkansas and Louisiana into Texas, and are together known as the "Cotton Belt Route." This combination has an office in the city of New York, upon the door of which, as upon the stationery and literature of the companies, the symbol, "Cotton Belt Route," is found in use. Underneath appears the general description, "St. Louis Southwestern Lines," and there is also named a general eastern freight agent and traveling freight agent of the lines. With this joint freight agent at the office in New York the matter of the plaintiff's claim was taken up and considered, and correspondence concerning it was had through his office, and a settlement of the claim attempted. It was only after such negotiations for a settlement had failed that this action was brought. Here, then, was an authorized agent attending to this and presumably other matters of a kindred character, undertaking to act for and represent the company, negotiating for it and in its behalf declining to adjust the claim made against it. In this situation we think this was the transaction of business in behalf of the company by its authorized agent in such manner as to bring it within the District of New York, in which it was sued, and to make it subject to the service of process there. See in this connection, *Pennsylvania Lumbermen's Mutual Fire Insurance Company* v. *Meyer*, 197 U. S. 415; *Commercial Mutual Accident Co.* v. *Davis*, 213 U. S. 245, 255.

In our opinion the court did not err in holding the corporation subject to process and duly served in this case.

*Judgment affirmed.*