# HOFFMAN *v.* WASHINGTON-VIRGINIA RAILWAY COMPANY.

FOREIGN CORPORATIONS; PROCESS; CONSTITUTIONAL LAW.

1. The supreme court of the District of Columbia has jurisdiction of an action by a resident of Virginia against a Virginia corporation having a place of business and doing business in this District through its regularly appointed agent, upon whom a summons is served, where the cause of action arose in Virginia. (Construing D. C. Code, sec. 1537, 31 Stat. at L. 1419, chap. 854.)

2. Where a corporation intermittently transacts business in a State other than that of its creation, having no regular place of business and agents in such other state to constitute its actual presence there, that State may make justiciable in its courts questions arising out of the business actually transacted within its borders; but if such foreign corporation sends its agents into another State for the purpose of there carrying on its business, its presence is as real in that jurisdiction as in the jurisdiction of its creation, for in either it is an artificial thing acting solely through agents, and, being actually present in the jurisdiction, it may be served there.

3. Sec. 1537 D. C. Code, relating to the service of process on foreign corporations doing business in the District of Columbia, is constitutional.

No. 2868.   Submitted January 7, 1916.   Decided February 7, 1916.

HEARING on an appeal by the plaintiff from an order and judgment of the Supreme Court of the District of Columbia granting motions by the defendants in an action to recover damages for personal injuries, vacating the returns of the marshal of the process and summons issued on the filing of the declaration to compel the appearance of the defendants, and dismissing the action.                                             *Reversed.*

The facts are stated in the opinion.

*Mr. Daniel Thew Wright* and *Mr. T. Morris Wampler,* for the appellant, in their brief cited:

*Bank* v. *Morgan,* 132 U. S. 141; *R. Co.* v. *McBride,* 141 U.

Note.—As to the locality of jurisdiction of State court over a foreign corporation, see note in 70 L.R.A. 692.

S. 127; *Sugg* v. *Thornton,* 132 U. S. 524; *Old Wayne Ins. Co.* v. *McDonough,* 204 U. S. 8; *Simon* v. *Southern R. Co.* 236 U. S. 115; *Washington-Va. R.* v. *Real Estate Trust Co.* 238 U. S.; *Logan* v. *Bank of Scotland,* 2 K. B. 495; *R. Co.* v. *Cox,* 145 U. S. 593; *B. & O. R. Co.* v. *Harris,* 79 U. S. 65; *Barrow S. S. Co.* v. *Kane,* 170 U. S. 100; *Dennick* v. *Central R. Co.* 103 U. S. 11; *N. Y., L. E. & W. R.* v. *Estill,* 147 U. S. 292; *Groel* v. *United Electric Co.* 60 Atl. 822; *City F. Ins. Co.* v. *Carnegie,* 41 Ga. 660; *Hawkins* v. *Fidelity & C. Co.* 123 Ga. 722; *Sullivan* v. *Sullivan Timber Co.* 103 Ala. 371; *Fairfax Forrest M. & M. Co.* v. *Chambers,* 75 Md. 604; *State ex rel.* v. *Land & Timber Co.* 106 La. 621; *March* v. *Eastern R. Co.* 40 N. H. 548; *Humphries* v. *Newport News, &c. Co.* 33 W. Va. 135; *State* v. *United States Mut. Acci. Asso.* 67 Wis. 624; *Berry* v. *Knights Templars Ind. Co.* 46 Fed. 439; *H. & St. J. R. Co.* v. *Kanaley,* 39 Kan. 1; *Harding* v. *Glucose Co.* 182 Ill. 551; *Bradbury* v. *Waukegan Smelting Co.* 113 Ill. App. 600; *Bank* v. *Chicago, D. & V. R. Co.* 82 Ill. 493; *Watson* v. *Richmond & D. R. Co.* 91 Ga. 222; *Smith* v. *Empire State-Idaho Co.* 127 Fed. 462; *Johnston* v. *Trade Ins. Co.* 132 Mass. 432; *Osborne* v. *Shawmutt Ins. Co.* 51 Vt. 278; *Reichard* v. *Ins. Co.* 31 Mo. 518; *Howard* v. *C. & O. R.* 11 App. D. C. 300; *Guilford Granite Co.* v. *Harrison Granite Co.* 23 App. D. C. 1; *Ricketts* v. *Sun Pub. Co.* 27 App. D. C. 223; *Wendell* v. *Holland-American Line,* 40 App. D. C. 1.

*Mr. John S. Barbour, Mr. Douglas Mackall,* and *Mr. B. D. Boteler,* for the appellees, in their brief cited:

*Bank of Augusta* v. *Earle,* 13 Pet. 519, 10 L. ed. 308; *Beaston* v. *Farmers' Bank of Del.* 12 Pet. 135; *Bawknight* v. *L. L. & G. Ins. Co.* 55 Ga. 194; *Camden Rolling Mill Co.* v. *Swede Iron Co.* 32 N. J. L. 15; *Central R. & Bank Co.* v. *Carr,* 75 Ala. 388, 52 Am. Rep. 339; *Conn. Mut. L. Ins. Co.* v. *Sprately,* 172 U. S. 603, 43 L. ed. 569, 19 Sup. Ct. Rep. 308; *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727; *Darsey* v. *Ketchan,* 11 How. 161; *Doe* v. *Springfield, etc. Co.* 104 Fed.

684; *Earle* v. *Chesapeake & O. R. Co.* 127 Fed. 235; *Eureka Co.* v. *Ins. Co.* 130 Cal. 153; *Ex parte McNeil,* 13 Wall. 236; *Ex parte Schollenberger,* 96 U. S. 369; *Freedman* v. *Empire Ins. Co.* 101 Fed. 535; *Goldey* v. *Morning News,* 156 U. S. 518, 15 Sup. Ct. Rep. 559, 39 L. ed. 717; *Green* v. *C. B. & Q. R. Co.* 205 U. S. 530; *Hulbert* v. *Hope Mut. Ins. Co.* 4 How. Pr. 275; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579; *Lafayette Asso.* v. *French,* 18 How. 404, 15 L. ed. 451, 452; *Langhorne* v. *Rich. R. Co.* 91 Va. 369; *Mutual Reserve Fund Asso.* v. *Phelps,* 190 U. S. 147, 47 L. ed. 987, 23 Sup. Ct. Rep. 707; *New York Cont. Jewel Filt. Co.* v. *Karr,* 31 App. D. C. 459; *Newe* v. *Great Western R. Co.* 19 Mich. 336; *Old Wayne Life Asso.* v. *McDonough,* 204 U. S. 22, 51 L. ed. 345; *Osborne* v. *Ins. Co.* 51 Vt. 278; *Parke* v. *Commonwealth Ins. Co.* 44 Pa. 422; *R. Co.* v. *McBride,* 141 U. S. 127; *Sawyer* v. *No. Am. L. Ins. Co.* 46 Vt. 697; *Simon* v. *South. R. Co.* 236 U. S. 115; *Smith* v. *Mut. L. Ins. Co.* 14 Allen, 386; *St. Clair* v. *Cox,* 106 U. S. 350; *St. Louis S. W. R.* v. *Alexander,* 227 U. S. 218–226; *Sugg* v. *Thornton,* 132 U. S. 524–530; *Swann* v. *Mutual Reserve Fund Asso.* 100 Fed. 922; *Toland* v. *Sprague,* 12 Pet. 300; *United States* v. *Amedy,* 11 Wheat. 412; *United States* v. *American Bell Tele. Co.* 29 Fed. 17; *Wash. Va. R. Co.* v. *Real. Est. T. Co.* 238 U. S. 1; *Western U. Teleg. Co.* v. *Pleasants,* 46 Ala. 641.

Mr. Justice ROBB delivered the opinion of the Court:

The appellant, Emma J. Hoffman, commenced an action in the supreme court of the District against the appellees, the Washington-Virginia Railway Company, a corporation, the Washington Utilities Company, a corporation, and The Washington-Virginia Railway Company, a corporation, for a tort alleged to have been committed in Virginia. Service was made upon the treasurer of the appellees. The Washington-Virginia Railway Company and the Washington Utilities Company appeared specially and moved to vacate the return. The court, "having heard the evidence submitted by the parties and the

arguments of counsel," found from the evidence that at the time of service the Washington-Virginia Railway Company, organized about April 15, 1913, and the Washington Utilities Company, "each severally had and maintained a place of business in the District of Columbia, and at said time each severally was doing business in the District of Columbia." The court further found that each of said companies was a foreign corporation under the laws of Virginia, and residing therein; that the Washington-Virginia Railway Company, organized about June 22, 1910, was a foreign corporation organized under the laws of Virginia, and that it was merged in the said Washington Utilities Company on or about the 26th of November, 1912. In other words, at the time of service there were, in fact, but two companies. The court further found that the appellant was a resident of the State of Virginia at the time of the institution of her suit, as well as at the date of the cause of action stated in her declaration, and that the said cause of action did not arise within the District of Columbia. These findings of fact are not challenged here.

The question to be determined is whether the supreme court of the District has jurisdiction of an action brought by a resident of Virginia against a Virginia corporation having a place of and doing business in this District through its regularly appointed agents, upon whom the summons is served for a transitory cause of action arising outside the District. In view of the decisions of the Supreme Court of the United States, we had supposed that this question was not longer open to doubt.

Sec. 1537 of the Code provides [31 Stat. at L. 1419, chap. 854]: First, that in actions against foreign corporations *"doing business* in the District *all process* may be served" on the agent of such corporation or person conducting its business, or, in case he is absent and cannot be found, by leaving a copy at the principal place of business in the District, etc.; and, second, that when a foreign corporation "shall transact business" in the District without having any place of business or resident agent therein, service may be made upon any officer or agent or employee, "as to suits growing out of contracts entered into

or to be performed in whole or in part in the District of Columbia, or growing out of any tort heretofore or hereafter committed in the said District." In this section Congress clearly has recognized the distinction made by the Supreme Court of the United States between the doing of business within a State at a place regularly established therefor, and the intermittent transaction of business through agents who come and go. Notwithstanding that a corporation is deemed to be a resident of the State of its creation, if it goes within another State or jurisdiction, and there establishes a place of business from which, through its authorized agents, its business is transacted, it must be regarded as also within that jurisdiction. *International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 583, 58 L. ed. 1479, 1481, 34 Sup. Ct. Rep. 944. In that case the court (p. 589) said: "We are satisfied that the presence of a corporation within a State, necessary to the service of process, is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the State." And when a corporation has thus "manifested its presence" within another State, it is as much liable to the service of process there in a transitory action as would be an individual. *Dennick* v. *Central R. Co.* 103 U. S. 11, 26 L. ed. 439 ; *Texas & P. R. Co.* v. *Cox,* 145 U. S. 593, 36 L. ed. 829, 12 Sup. St. Rep. 905 ; *Connecticut Mut. L. Ins. Co.* v. *Spratley,* 172 U. S. 602, 43 L. ed. 569, 19 Sup. Ct. Rep. 308 ; *Herndon-Carter Co.* v. *James N. Norris, Son & Co.* 224 U. S. 496, 56 L. ed. 857, 32 Sup. Ct. Rep. 550 ; *St. Louis Southwestern R. Co.* v. *Alexander,* 227 U. S. 218, 57 L. ed. 486, 33 Sup. Ct. Rep. 245, Ann. Cas. 1915B, 77 ; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 58 L. ed. 1479, 34 Sup. Ct. Rep. 944 ; and *Washington-Virginia R. Co.* v. *Real Estate Trust Co.* 238 U. S. 186, 59 L. ed. 1265, 35 Sup. Ct. Rep. 818. In the case last cited, the Washington-Virginia Railway Company, one of the appellees here, was sued in the United States district court for the eastern district of Pennsylvania upon certain bonds, the payment of which it was alleged to have assumed. The question of jurisdiction was raised there, as here. The court, after stating the facts, said:

"We think the mere recital of these facts makes it evident that the corporation was properly served.  It had submitted itself to the local jurisdiction, and there enjoyed the protection of the laws.  In that jurisdiction by duly authorized agents it was at the time of service transacting an essential and material part of its business."

Counsel for the appellees cite *Simon* v. *Southern R. Co.* 236 U. S. 115, 59 L. ed. 492, 35 Sup. Ct. Rep. 255, in support of their contention, but we find nothing therein inconsistent with the views we have expressed.  In that case, as stated in the opinion, "the cause of action arose within the State of Alabama, and the suit therefor, in the Louisiana court, was served on an agent designated by the Louisiana statute."  The court ruled that "the service on the Southern Railway, even if in compliance with the requirements of act 54, was not that kind of process which could give the court jurisdiction over the person of the defendant for a cause of action arising in Alabama."  It is apparent that a different question was before the court than that here involved.  The statute of Louisiana arbitrarily attempted to bring within that jurisdiction corporations not there present, that is, corporations not there doing business by authorized agents, and the court said this could not be done.  In support of its decision the court cited *Old Wayne Mut. Life Asso.* v. *McDonough,* 204 U. S. 8, 51 L. ed. 345, 27 Sup. Ct. Rep. 236, which was a suit in Pennsylvania against an Indiana corporation upon a contract executed in the latter State, and where the service was upon the insurance commissioner of Pennsylvania.  After reviewing the facts, the court found that, even though it should be assumed that the insurance company "was engaged in *some* business in Pennsylvania at the time the contract in question was made," it could not be held that the company agreed that the service of process upon the insurance commissioner would alone be sufficient to bring it into court with respect to all business transacted by it.

It was carefully pointed out, however, that a State may require a foreign corporation that transacts business within its limits to file a stipulation as to service in respect to business

done in that State, and that assent to this requirement will be presumed, and may not be denied by the corporation. In other words, these cases are authority for the proposition that where a corporation intermittently transacts business in a State other than that of its creation, having no regular place of business and agents in such other State to constitute its actual presence there, that State may make justiciable in its courts questions arising out of the business actually transacted within its borders, but it may not do more. But if, as previously pointed out, such foreign corporation sends its agents into another State for the purpose of there carrying on its business, its presence is as real in that jurisdiction as in the jurisdiction of its creation, for in either it is an artificial thing acting solely through agents. And, being actually present in a jurisdiction, it may be served there.

The suggestion of appellees that said sec. 1537 is unconstitutional if construed as authorizing the service of process in this action results, we think, from a failure to give proper emphasis to the facts of appellees' presence within this jurisdiction, and that service was actual service upon them. In *Dennick* v. *Central R. Co.* 103 U. S. 11, 26 L. ed. 439, it was ruled that "wherever, by either the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." That was an action for wrongful death, and the cause of action arose in another State. As to this the court said: "The action in the present case is in the nature of trespass on the person, always held to be transitory, and the venue immaterial." To the same effect are *Texas & P. R. Co.* v. *Cox,* 145 U. S. 593, 36 L. ed. 829, 12 Sup. Ct. Rep. 905, and *Barrow S. S. Co.* v. *Kane,* 170 U. S. 100, 42 L. ed. 964, 18 Sup. Ct. Rep. 526.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.    *Reversed and remanded.*