### HAY et al. v. ASSOCIATION OF COLLEGIATE ALUMNÆ.

(Court of Appeals of District of Columbia. Submitted October 11, 1920. Decided May 2, 1921.)

#### No. 3342.

1. **Specific performance ⬤108—When defendants ousted complainant pending suit, order restoring possession was proper.**

   Where, pending a suit for specific performance, in which complainant sought to compel the execution of a lease by defendants of premises of which complainant had possession, defendants took the law into their own hands and ousted complainant, an order restoring complainant to the possession was proper, though no injunction had been obtained restraining defendants from interfering with complainant's possession.

2. **Specific performance ⬤108—Defendants, doubting complainant's ability to respond in damages for possession pendente lite, should apply to court for protection.**

   Where defendants, sued for specific performance of an agreement to execute a lease by a party in possession, doubt complainant's ability to respond for intervening damages, if allowed to retain possession pending the suit, they should apply to the court for an order protecting their interests, instead of taking the law into their own hands and ousting complainant.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Association of Collegiate Alumnæ against Clarence L. Hay and others. From an order restoring complainant's possession of certain premises, defendants appeal. Affirmed.

J. M. Carlisle, W. B. Howe, and S. E. Swayze, all of Washington, D. C., for appellants.

Clarence R. Wilson and William G. Johnson, both of Washington, D. C., for appellee.

ROBB, Associate Justice. This is an appeal from a decree in the Supreme Court of the District, restoring to the complainant, appellee

here, possession of premises No. 1607 H Street, Northwest, in this city, pending the determination of a prior suit by the appellee against appellant Hay to require him to execute a lease of the same premises, conformable to an agreement set forth in the petition.

From an examination of the petition herein and supporting affidavits, and the answer and supporting affidavits, we are content to adopt the ruling of the trial justice that appellee's possession of the premises in question was disturbed by appellants during the pendency of the original suit for specific performance. The sole question with which we shall now concern ourselves, therefore, is whether the appellee was entitled to the order of restoration.

[1] In the original petition, as we have intimated, appellee sought an order requiring Mr. Hay, the owner of the premises, to execute a lease thereof. Pending the determination of that suit, involving as it does the right to possession of these premises, certain of these appellants took the law into their own hands and caused the ouster of the appellee. The order from which this appeal was taken does no more than restore the status quo. Appellee sought specific performance of a contract that would insure to it the possession of the premises for a stated time. The right to possession was the very subject-matter of the suit, and that right, it seems clear to us, was directly and seriously affected by the action complained of herein.

It is suggested that appellee had filed no petition for an injunction restraining appellants from interfering with its possession, and therefore that there could be no violation of any order of the court. Let us see. If it be supposed that appellee was not in possession of the premises when its suit for specific performance was filed, may it be said that appellee would have had the right forcibly to dispossess appellants and take possession of the premises? In such circumstances, of course, appellee would have been prejudging the case, deciding for itself for the time being the very subject-matter of the controversy, namely, the right to possession, and yet that is precisely what appellants did. Again, what would have been the attitude of the court had appellants filed a suit in ejectment, after the equity court had taken jurisdiction of the suit for specific performance? Clearly, appellants would have been remitted to their remedy in the equity suit, wherein the precise question was involved.

[2] Appellee, being in possession, had a right to assume that appellants would respect the dignity and authority of the court whose jurisdiction had been invoked. There was no necessity, therefore, for a restraining order against appellants. This being an equity suit, if appellants entertained any doubt as to the ability of appellee to respond for intervening damages, the court was open to them, and we must assume that any proper application would have resulted in an order adequately protecting their interests.

That a party to litigation may not anticipate and forestall the action of the court with respect to the subject-matter of that litigation was ruled in Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667, Merrimack River Savings Bank v. Clay Center, 219 U. S. 527, 31 Sup. Ct. 295, 55 L. Ed. 320,

Ann. Cas. 1912A, 513, and Toledo Newspaper Co. v. United States, 247 U. S. 402, 38 Sup. Ct. 560, 62 L. Ed. 1186. See, also, Daniel v. Ferguson, [1891] L. R. 2 Ch. 27, Pokegama Co. v. Klamath River, etc., Co. (C. C.) 86 Fed. 528, and Cooke v. Boynton, 135 Pa. 102, 19 Atl. 944.

Counsel for appellants have cited Drew v. Hogan, 26 App. D. C. 55, 6 Ann. Cas. 589. That case involved a church quarrel, in which an injunction had been issued against certain individuals, without requiring complainants to file an undertaking to make good any damages that might be sustained by the defendants. This court found that under the rules of the trial court such a restraining order was void. The difference between that case and the one at bar is too plain to require discussion, for here appellee was in possession, and, as we have suggested, the court was open to appellants for the full protection of their interests. Instead of resorting to the court, however, their mistaken zeal caused them to take the matter into their own hands, and the court clearly was right in correcting their mistake.

As to the suggestion that appellants still are without adequate protection, we repeat that the court below is open to them, in the original suit, where we must assume their interests will be fully protected.

The decree must be affirmed, with costs.

Affirmed.