## KOSSE, SHOE & SCHLEYER CO. v. GUALANO.

(Circuit Court of Appeals, Seventh Circuit. September 13, 1922.)

No. 3037.

1. Corporations ⟲668(16)—On motion to quash process, defendant foreign corporation entitled to opportunity to meet counter affidavits.

Where defendant's affidavit supporting a motion to quash service of summons alleged that it was a foreign corporation, had never had a place of business within the state, and the person on whom the summons was served was not an officer or agent authorized to do business, but merely a purchasing agent whose contracts to purchase had to be approved by the general office, defendant should be given a reasonable opportunity to meet plaintiff's counter affidavits, alleging continuous dealings by such purchasing agents which might amount to doing business in the jurisdictional sense.

2. Corporations ⟲668(16)—Service canceled where agent enticed within jurisdiction.

Where agent of a foreign corporation was enticed into the county in question by plaintiff for the purpose of getting service on him, service will be canceled.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Joseph Gualano against the Kosse, Shoe & Schleyer Company. Judgment for plaintiff, and defendant brings error. Reversed.

Charles H. Aldrich, of Chicago, Ill., for plaintiff in error.

Henry M. Kelly, of Ottawa, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. In the Circuit Court of La Salle County, Illinois, Gualano sued the corporation for damages for breach of contract. Defendant was and is an Ohio corporation. After removal of the cause into the court below, defendant was granted leave to go behind an entry of default (incurred through excusable inadvertence) and to file a motion to quash the service of the Illinois summons. Thereupon defendant filed its motion and certain supporting affidavits; plaintiff at once filed counter affidavits; thereupon defendant asked time to file affidavits in opposition to plaintiff's counter affidavits;

this motion was denied by the court, and the ruling was excepted to by defendant; *"and thereupon defendant, being now ruled to plead instanter, failed so to do, but elected to stand on its special and limited appearance to quash the service."* Then, on the same occasion, as recorded in the same order book entry, the court defaulted defendant for want of a plea, heard plaintiff's evidence on amount of damages, rendered the judgment now on review, and fixed the amount of the supersedeas bond and the time within which the bill of exceptions should be presented.

Because the record that is brought here for the purpose of testing the correctness of the court's action in denying defendant's motion to quash the service of summons consists essentially of nothing but the above stated order book entry and the bill of exceptions, plaintiff urges that we cannot know that defendant did not make a full appearance either in the state court or in the court below. It is hardly conceivable that the court would have made that part of the order book entry which we have italicized if the court's right to hold defendant personally in court was not dependent upon the legality of the service of summons. If earlier parts of the record of this cause should show that the court below on the occasion in question was idly considering a question not vital to its jurisdiction, it was incumbent on plaintiff to supplement the present record. Other practice objections, looking mainly to the wording of assignments of error, are of even less import.

[1] Defendant's affidavits state in substance that defendant was an Ohio corporation; that it never had any office or place of business in Illinois; that it was a maker and seller of hardwood lumber; that none of its mills was in Illinois; that it sent an agent to various places in Illinois to find where logs might be purchased for shipment to its mills and to negotiate with sellers concerning terms of sale which should only be in force when accepted by the general officers of defendant at its office in Ohio; that the person upon whom summons was served was not an officer of the corporation nor an agent authorized "to do business," but only a "log buyer" as above described.

Plaintiff's counter affidavits detailed numerous transactions with several different persons in Illinois, covering a long period of time, and conducted by the agent whom defendant's affidavits characterized as a "log buyer," and from that showing there might be an ultimate inference of fact that the corporation, at the time of service of summons, was "doing business" in Illinois through the said agent.

No all-embracing test has yet been formulated for determining what constitutes "doing business" in the sense that liability to service is incurred. Considerable activity through agents in a state may fall short of evidencing the presence of the foreign corporation. Green v. Chicago, B. & Q. R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916. On the other hand, a foreign corporation, though sedulously striving to keep itself out of the jurisdiction, may by a continuous course of dealings through agents with residents of a state so manifest its presence that service will be upheld. International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479. If the most that can be said is that "each case must be determined on its own facts" (St. Louis

S. W. R. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77), then in this case defendant should have been given a reasonable opportunity to meet, by denial or qualifying explanation, plaintiff's showing which tended to indicate such a continuous course of dealings as might amount to "doing business" in the jurisdictional sense. The hearing was at Chicago. Defendant's president and general counsel made the original affidavits at Cincinnati. The record shows no one in court for defendant except local counsel. From the record the only possible finding is that no one for defendant had any knowledge or notice of plaintiff's counter affidavits until they were filed, and thereupon defendant's motion for leave to prepare and file affidavits in rebuttal was at once denied and the case closed.

[2] Defendant's affidavits also stated in substance that the person upon whom summons was served had been enticed into the county by plaintiff for the purpose of getting service. If the allegations, which were given with considerable particularity, were true, the service should have been canceled. Blandin v. Ostrander, 239 Fed. 702, 152 C. C. A. 534. Plaintiff's affidavit on this point is really nothing more than his conclusion that the service was not obtained by fraud. He does not meet the particular allegations of fact advanced by defendant. Outside the record his counsel suggests the existence of negativing facts; and, since the case is going back to enable defendant to file affidavits in rebuttal, plaintiff should first have leave to supplement his counter affidavits respecting fraud.

The judgment is reversed for further proceedings not inconsistent herewith.