MUTUAL OIL CO. et al. *v.* EMPIRE PE-
TROLEUM CO.

(Circuit Court of Appeals, Sixth Circuit.
May 5, 1925.)

No. 4322.

1. Courts ⬤➡274—District Court held to have
jurisdiction of cause of action against foreign
corporation and of parties.

Where verified complaint, copy of contract
annexed thereto, and admissions and allegations
of answer showed that defendant was Michi-
gan corporation doing business in Ohio, and
corporation was legally served with summons in
Northern district of Ohio, District Court of
such district had jurisdiction of cause and of
parties.

2. Appeal and error ⬤➡954(1)—When order
granting or denying preliminary injunction re-
versed stated.

Order granting or denying preliminary in-
junction will not be reversed, unless it clearly
appears that court exercised its discretion on
wholly wrong conception of facts or law, or that
grant or refusal of preliminary injunction is
contrary to some rule of equity, or is result of
improvident exercise of judicial discretion.

3. Injunction ⬤➡136(2)—When temporary in-
junction or restraining order requiring affirm-
ative action will issue stated, especially as
to taking wrongful possession of property.

Temporary injunction or restraining order
requiring affirmative action will issue on pre-
liminary hearing, where facts show that such
relief is necessary to protect complainant's
rights, especially where defendant has taken
forcible, wrongful, or unlawful possession of
property in dispute, or suddenly or secretly
changed existing status for purpose of securing
an unfair advantage, or of forestalling order
restraining such action.

Appeal from the District Court of the
United States for the Western Division of
the Northern District of Ohio; John M. Kil-
lits, Judge.

Suit in equity by the Empire Petroleum
Company against the Mutual Oil Company
and others. From an order and decree grant-
ing a preliminary injunction, and refusing
to modify same, defendants appeal. Af-
firmed and remanded.

C. A. Seiders, of Toledo, Ohio (Charles
L. Robertson, of Adrian, Mich., on the brief),
for appellants.

Harold W. Fraser, of Toledo, Ohio (Fra-
ser, Hiett & Wall, of Toledo, Ohio, on the
brief), for appellee.

Before DONAHUE, MOORMAN and
KNAPPEN, Circuit Judges.

PER CURIAM. [1] It clearly appears
from the verified bill of complaint, the copy
of the contract attached thereto as an exhib-

it, and the admissions and averments in the
answer that the appellant, the Mutual Oil
Company, is and was at the time this ac-
tion was commenced a Michigan corporation
doing business in Ohio. People's Tobacco
Co., Ltd. v. American Tobacco Co., 246 U.
S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann.
Cas. 1918C, 537; Philadelphia & Reading
Railway Co. v. McKibbin, 243 U. S. 265, 37
S. Ct. 280, 61 L. Ed. 710. It further ap-
pears from the record that it was legally
served with summons in the Northern district
of Ohio, Western division. St. Louis South-
western Ry. Co. v. Alexander, 227 U. S. 218,
33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas.
1915B, 77. It necessarily follows that the
District Court had jurisdiction of the cause
and parties.

[2] An order granting or denying a pre-
liminary injunction will not be reversed by
an appellate court, unless it clearly appears
that the court has exercised the discretion
vested in it on a wholly wrong conception
of the facts or the law of the case, or that
the granting or refusal to grant a prelimi-
nary injunction is contrary to some rule of
equity or the result of improvident exercise
of judicial discretion. Meccano, Ltd., v.
Wanamaker, 253 U. S. 136, 141, 40 S. Ct.
463, 64 L. Ed. 822; Blackmore v. Collins
et al. (C. C. A. 6) 290 F. 204; Rousso
v. First Nat. Bank of Detroit (C. C. A. 6)
287 F. 273, and cases there cited.

[3] A temporary injunction or restrain-
ing order, mandatory in effect and requiring
affirmative action, will issue upon a prelim-
inary hearing, where it appears from the
facts proven or admitted that such relief is
necessary for the protection of complain-
ant's rights, and particularly where it ap-
pears that the defendant has taken forcible
wrongful, or unlawful possession of the
property in dispute, or suddenly and secret-
ly changed an existing status for the pur-
pose of securing an unfair advantage, or
forestalling an order of court restraining
such action. The facts of this case, as they
were made to appear by the verified bill of
complaint and the admission in the answer,
fully sustain the order and decree of the
District Court granting this injunction and
its refusal to modify the same. Hay et al.
v. Association of Collegiate Alumnæ, 273
F. 351, 352, 353, 50 App. D. C. 387, and
cases there cited; Love et al. v. A., T. & S.
F. Ry. Co., 185 F. 321, 333, 107 C. C. A.
403; Western Union Telegraph Company et
al. v. Postal Telegraph Co., 217 F. 533, 539,
133 C. C. A. 385; Bishop's Equity, § 400.

Affirmed and remanded.