## McINTYRE et al. v. ATCHISON T. & S. F. RY. CO. et al.

District Court, S. D. New York.

March 26, 1936.

Zucker & Mayersohn, of New York City, for plaintiffs.

Andrews, Baird & Shumate, of New York City (James M. Baird, of New York City, of counsel), for Fred Harvey, Inc.

HULBERT, District Judge.

This action was brought in the New York Supreme Court, Bronx County, where the plaintiffs reside, against the defendant corporations alleged to have been organized and existing under the laws of the State of Illinois.

Two copies of the summons and complaint were delivered to Charles K. Cooper, personally, in the Borough of Manhattan, City of New York, one for each defendant. Mr. Cooper is an assistant treasurer of the defendant railroad corporation.

On or about February 14, 1936, the action was removed to this court. The defendant railroad corporation has since joined issue by the filing of its answer. As a matter of fact, there is no corporation under the name Fred Harvey, Inc., but Fred Harvey is a New Jersey corporation, having its principal place of business at Kansas City, Mo., and operates various concessions along the lines of the so-called Santa Fe, including a hotel in the Grand Canyon National Park, Arizona, known as "El Tovar."

Fred Harvey, sued as Fred Harvey, Inc., appearing specially, moves to set aside the alleged service of the summons and complaint.

Nowhere in the complaint does it appear that either defendant has a place of business or is doing business in the State of New York. It is alleged that on October 30, 1935, Mrs. McIntyre was a passenger of the Santa Fe, en route to Chicago, and that she purchased from one of the agents of the railroad company aboard the train, a stop-over tour ticket entitling her to a one day tour trip to the Grand Canyon National Park, including accommodations at the El Tovar Hotel; that while a guest at the hotel, she was descending a stairway leading from the veranda to the street-walk, and without notice or warning to her, she was precipitated to the ground because of the defective condition of the stairway and sus-

tained personal injuries due to the negligence of the defendants.

The moving affidavits allege that Fred Harvey has not qualified to do business in the State of New York; owns no property in New York; keeps no books or records in New York; has no place of business in New York; and is not doing business therein.

No affidavits are presented by the plaintiffs in refutation of these denials. It is conceded by the defendant railroad corporation that it has offices for the regular transaction of its business at No. 120 Broadway and No. 505 Fifth Avenue, Borough of Manhattan, New York City.

Section 229 of the New York Civil Practice Act, provides as follows: "229. Personal service of summons upon foreign corporation. Personal service of the summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows: * * * 3. To the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state."

Two questions are presented:

1. Was the defendant Harvey within the jurisdiction of this court?

2. Was process duly served upon an authorized agent?

In order to render a corporation amenable to process in a foreign jurisdiction it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof. St. Louis S. W. Ry. Co. v. Alexander, 227 U.S. 218 at page 226, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B 77.

It is stated by plaintiffs' counsel in their brief that the defendant Santa Fe has by extensive advertising associated the name of Fred Harvey with its own creating "the impression that the Santa Fe is in effect selling accommodations for itself," and the only evidence that we find of the name Fred Harvey is a combination of both names appearing on the face thereof, and further "any one can purchase tickets at the office of the defendant railroad company in New York entitling one to any of the accommodations at the El Tovar Hotel. In addition to the solicitation of tickets by the Santa Fe for and on behalf of the defendant Fred Harvey, the former receives payment and in necessary instances can make rebates."

The foregoing statements appear to be all that plaintiffs have to offer to show that Fred Harvey was doing business in New York and that the defendant railroad corporation was its managing agent, and that service upon Cooper conferred jurisdiction.

Assuming the facts to be as claimed by counsel for the plaintiffs, both questions must be answered in the negative. Motion granted. Settle order on two days' notice.