**SCHWARTZ et al. v. ARTCRAFT SILK HOSIERY MILLS, Inc.**

District Court, S. D. New York.

Feb. 3, 1940.

Katz & Sommerich, of New York City (Otto C. Sommerich, of New York City, of counsel), for plaintiffs.

Simpson, Thacher & Bartlett, of New York City (Albert C. Bickford, of New York City, of counsel), and Bernard L. Frankel and Sundheim, Folz & Hirsch, all of Philadelphia, Pa., for defendant.

CONGER, District Judge.

This is a motion by the defendant, appearing specially to vacate the service of the summons herein, on the ground that it is not doing business within the State of New York.

This action is brought by plaintiffs as stockholders of the defendant corporation to recover dividends heretofore declared, but as yet unpaid.

It appears that the defendant is engaged in the business of manufacturing and selling hosiery; is a Delaware corporation; and its manufacturing plant is outside of the State of New York.

These jurisdictional questions present very perplexing problems. Just how far may a foreign corporation go in its activi-

ties in a state, so that by these activities it may be said it is within the state, and doing business therein?

Each case must be decided on its own particular set of facts, as has been very well stated by Judge Learned Hand in Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 142: "It is quite impossible to establish any rule from the decided cases; we must step from tuft to tuft across the morass." See, also, International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 945, 58 L.Ed. 1479, where, in referring to St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77, the court said: "As was said in that case, each case must depend upon its own facts, and their consideration must show that this essential requirement of jurisdiction has been complied with, and that the corporation is actually doing business within the state."

In deciding this question, I am not unmindful that many of the authorities have held that such a corporation may engage in many activities within the state without it being considered that such a corporation is doing business within the state, such as: Maintenance of an office for solicitation of orders; the solicitation of orders which are to be executed at the home office in a foreign state, and do not become valid until approved in the home office; the maintenance of an office, with necessary help, telephone and name on door; even maintenance of a bank account for purposes of paying salaries and incidental office expenses. I am not unmindful of decisions that hold that all of these activities together do not constitute "doing business within the State of New York".

However, I am satisfied, from the facts presented to me by affidavits, that this defendant was doing far more than the above, and was engaged in such activities, and on such a scale, that it was actually "doing business" in the State of New York and subject to process herein.

From the affidavits of the plaintiff, which have not been materially denied, I can only conclude that the office maintained by defendant here was its main sales office, or its general sales office. Here all records of sales made by defendant were kept; between 80–85 per cent of defendant's annual sales were made through the New York office, amounting to approximately $2,600,000. This office is the sales headquarters for all salesmen of defendant operating in the eastern part of the United States. In this office the corporation maintains and conducts its advertising and styling departments. In addition, the office was in charge of one of the officers of the corporation, to wit: its vice-president and director. To the above must be added that the defendant maintains this office at an annual rental of $3,750; it has a telephone service in its own name; that it employs a telephone operator, four employees in the advertising department, two secretaries, one record clerk, one order clerk, and one file clerk; that the cost and expenses of the office for the year 1938 was $105,490, which expense is substantially being continued; that it maintains a bank account in New York City in its own name.

It appears to me from the above, that the maintenance of this office is more than a mere incidental to the main business of the corporation. True the corporation is in the manufacturing business. This office, maintained in New York, is not incidental to the business, but part and parcel of it. From the facts before me I have to conclude that it is the general sales office of the corporation, presided over by one of the officers of the corporation. The volume of the business and nature thereof, as carried on here, can only lead to the conclusion that this foreign corporation is present in the state, is doing business in the state, and therefore is amenable to the process of this court.

The facts here present bring this case fairly within the rules laid down in International Harvester Co. v. Kentucky, supra.

Motion of defendant is denied. The defendant to have twenty days to answer the complaint, after service of a copy of the order herein, with notice of entry thereon. Settle order on notice.