**BELLAR v. LAKE ERIE CHEMICAL CO.**
Civil Action No. 338.

District Court, D. Massachusetts.
Nov. 7, 1941.

Russell J. Coffin and Mahony, Bryer & Coffin, all of Boston, Mass., for plaintiff.

Charles C. Cabot, William H. Daly, and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

This action, commenced in the state court and removed to this court by the defendant, is brought to recover for personal injuries which the plaintiff alleges he received as a result of the defendant's negligence, and as a result of its having supplied defective equipment. The defendant is an Ohio corporation engaged in the manufacture and sale of tear gas and other chemical protective devices. The matter before me now is a motion to quash the writ of summons on the ground that this court lacks jurisdiction over the defendant corporation.

Process was served on the Commissioner of Corporations pursuant to Massachusetts General Laws (Ter.Ed.) Chapter 181, Sections 3 and 3A, which provide, in substance, that every foreign corporation having a usual place of business in this Commonwealth, and doing business here, shall appoint the Commissioner of Corporations as its attorney, authorized to receive service of process, and in failure of an actual appointment, such foreign corporation shall be deemed to have made the appointment as concerns any cause of action arising out of business done by it in this state, so that service on the commissioner shall "be of the same legal force and validity as if served on the corporation". The defendant has never actually made such appointment. It contends that it has no usual place of business in this Commonwealth, and that the present cause of action does not arise out of any business done by it within the Commonwealth.

It is well established that, in order to acquire jurisdiction over a foreign corporation without its assent, such corporation must manifest its presence in the state where it is sued, in the sense that it is "doing business" there. St. Louis S. W. R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77, and cases there cited.

The submitted evidence establishes that: For some years one Harry R. Markau had been soliciting orders and selling defendant's protective devices in Massachusetts and other New England states. In 1937, the defendant and Markau entered into a written agreement whereby the latter was to devote his entire time to selling the defendant's products, and in return for which he was to receive certain specific commissions and be allowed a drawing account of $75 a week. Further, Markau was to see that satisfactory credit arrangements were made with regard to sales made to corporations, and he was required to report to the defendant weekly concerning his activities. Nothing in this contract gave Markau any power to bind the defendant to any contract, nor did the latter agree to supply any of its goods. In January, 1938, this contract was orally modified to the extent that Markau's drawing account was terminated, and he was allowed to engage in other activities besides selling the defendant's products.

Markau's selling activities in Massachusetts had two distinct characteristics. The majority of his sales were made by soliciting orders from purchasers, these orders being subject to acceptance or rejection by the defendant in Ohio. Markau would forward these orders to the defendant who would then ship the equipment directly to the purchasers, the latter paying the defendant for them. Markau would

collect no money on these orders beyond the initial deposit, which he would keep as a part of his commission.

The other type of activity in which Markau was engaged in selling the defendant's products was by way of conducting his own business, first as an individual under his own name, later, and at the time of the service in this action, as an individual doing business as the Lake Erie Sales Company, and still later as a corporation under the name of Lake Erie Sales Company, Inc. In conducting this business, he would order goods from the defendant which would be charged to his account. He would store these goods here on his own behalf, and resell them to his own customers. The defendant exercised no control over the manner of sale, to whom, or at what price these products were sold.

Markau maintained his own business quarters in this Commonwealth, employing his own help. The only compensation he received from the defendant was his commission on orders solicited. On these facts it would be hard to see how the defendant could be considered as "doing business" in this state. Markau's activities in merely soliciting orders on behalf of the defendant are not sufficient to constitute a presence of the defendant corporation here. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S. Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. On the other hand, Markau's activities in respect to the shipments charged to his personal account, and resold by him free from any control by the defendant, cannot be considered as the activities of the defendant for the purpose of subjecting the latter to the jurisdiction of the courts of this Commonwealth. Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164; and compare Republic Steel Corporation v. Atlas Housewrecking & Lumber Co., 232 Mo.App. 791, 113 S.W.2d 155; Butler Bros. Shoe Co. v. United States Rubber Co., 8 Cir., 156 F. 1, 19, 20; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

The plaintiff in his brief relies entirely on the case of Plibrico Jointless Firebrick Co. v. Waltham Bleachery & Dye Works, 274 Mass. 281, 174 N.E. 487. That case, however, is clearly distinguishable from the one here in that the agent of the foreign corporation involved in that suit not only solicited orders on behalf of his corporation, but was bound to supervise and service installations for it, and had collected accounts for the corporation. Compare International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

The action is dismissed, for want of jurisdiction over the defendant.