**BARNETT v. TEXAS & P. RY. CO.**

**No. 98.**

Circuit Court of Appeals, Second Circuit.

Nov. 29, 1944.

Osmond K. Fraenkel, of New York City, for appellant.

Cravath, Swaine & Moore, of New York City (Albert R. Connelly and Frank M. McGarry, both of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■ Defendant contends that the district court correctly held that its decision was compelled by the "solicitation" doctrine of Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. But in International Harvester v. Kentucky, 234 U.S. 579, 586, 34 S.Ct. 944, 58 L.Ed. 1479, the Court referred to the Green case as "extreme." In Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 141, this court, per Judge L. Hand, said: "Possibly the maintenance of a regular agency for the solicitation of business will serve without more. The answer made in Green v. C., B. & Q. R. R. Co., 205 U. S. 530, 27 S.Ct. 595, 51 L.Ed. 916, and

People's Tobacco Co. v. American Tobacco Company, 246 U.S. 79, 38 S.Ct. 233, 62 L. Ed. 587, Ann.Cas.1918C, 537, perhaps becomes somewhat doubtful in the light of International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and if it still remains true, it readily yields to slight additions." See also Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72.[1] Here there were more than "slight additions", i. e., the actual selling of tickets for transportation on defendant's line and the issuance of bills of lading in New York (to say nothing of the handling of complaints.)[2] It is urged that not many of these acts occurred each year. But those acts were authorized by defendant which put no limit on the number of such acts that its employees might perform. We think that the authorized performance of such acts constitutes doing business in New York, even if the volume of freight and passenger business initiated in New York is not as great as, we may surmise, defendant would like it to be. As plaintiff is a citizen and resident of New York, it cannot be said that the suit is an undue burden on interstate commerce. Cf. Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 51, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central R. Co., 315 U.S. 698, 701, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104.[3] Accordingly, on the facts of this case,[4] we decide that defendant was doing business in New York and that it was properly served there by service on Hunt.

Reversed.

SWAN, Circuit Judge (dissenting).

I agree with the view of the district judge that the case is controlled by Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, and Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 268, 37 S.Ct. 280, 61 L.Ed. 710.

---

[1] The "solicitation" rule was recently criticized severely by Judge Rutledge (now Mr. Justice Rutledge) in Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 516, 146 A.L.R. 926. As that case dealt not with a railroad but a commercial business, we cite it not as a precedent but for its general discussion.

[2] Cf. St. Louis, Southwestern R. Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77; Missouri, K. & T. R. Co. v. Reynolds, 255 U.S. 565, 41 S.Ct. 446, 65 L. Ed. 788.

[3] Defendant suggests that it established its office in New York and its present mode of activity there in reliance upon such precedents as Green v. Chicago, B. & Q. R. Co., supra. But International Harvester v. Kentucky, supra, decided in 1914, and Hutchinson v. Chase & Gilbert, supra, decided in 1930, gave defendant warning that such precedents were not likely to protect it from such suits as this.

[4] That each such case turns on its own facts, see e.g., International Harvester v. Kentucky, supra.

As to the character and reviewability of the determination of "fact" in such cases, cf. Baumgartner v. United States, 322 U.S. 665, 671, 64 S.Ct. 1240.