### No. 640
### WIEST v. CINCINNATI
Ohio Appeals, 1st Dist., Hamilton County
No. 2255. Jan. 7, 1924

797. MUNICIPAL CORPORATION — A city is held to ordinary care in keeping sidewalks in repair and if in the exercise of such care, it should have known of defects and could have repaired them, the city is charged with constructive notice of such defection.

BUCKWALTER, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas by Adelaide Wiest, plaintiff, to recover damages from Cincinnati for injuries to plaintiff, due to defective sidewalk. Plaintiff stepped upon the lid covering a manhole in the sidewalk, and the lid tilted, causing her to fall into the opening. The tilting of the lid was caused by the fact that a flange had worn away. The defect was not apparent without examination. The ·lid had been in such defective condition for six months, and a similar accident had occurred about four months prior to plaintiff's accident. There was no proof of actual notice to the city of the condition of the lid. At the close of plaintiff's evidence, a motion was made to direct a verdict for defendant which motion was granted and a verdict returned for the city. Wiest prosecuted error to the Court of Appeals, which held:

A municipal corporation is not an insurer of the safe condition of its sidewalks, but under the rule in Ohio, it is held to ordinary care to keep them in reasonably safe condition. The rule is that if the defect is shown to have existed, such a length of time that the city authorities, by the · exercise of ordi-

nary care, would have known of its existence, aad could have repaired it, then the city is charged with constructive notice of such defect. 18 C. C. 50.

Under the scintilla rule, there was sufficient evidence both as to the defect and as to constructive notice to the city to warrant the submission of the cause to the jury. The court erred in granting the motion to direct a verdict for defendant. Judgment reversed.

Attotrneys—Wm. F. Fox, for Wiest; Saul Zielonka, City Solicitor, and Dennis J. Ryan, Asst. City Sol., for City; all of Cincinnati.

---

### No. 641
### SMITH v. PINKERTON
Ohio Appeals, 1st Dist., Hamilton County
No. 2384. March 10, 1924

891. PARTNERSHIP—11286 GC. permitting service of summons on a partnership, at its usual place of doing business, applies only to resident partnerships and not to non-residents doing business in this state.

HAMILTON, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Superior Court of Cincinnati, wherein Jack Smith was plaintiff and Wm. A. Pinkerton and Allan Pinkerton, individually and as partners, doing business under the firm name and style of "Pinkerton National Detective Agency," were defendants Service of summons was attempted by leaving a copy of the summons with one J. A. Camden, superintendent in charge of the Cincinnati branch of the Pinkerton Agency. Defendants filed a motion to quash the attempted service for ·the reason that the partners were non-residents of the state of Ohio, and that there had been no seizure of property in Ohio. The trial court sustained the motion to quash the service and Smith prosecuted error to the Court of Appeals, which held:

11286 GC. provided that if defendant is a partnership sued by its company name, service may be made by leaving a copy of the summons at defendant's usual place of doing business. This statute refers to resident partnerships only. Any other construction of the statute would be repugnant to the 14th Amentment to the U. S. Constitution. 248 U. S. 289.

A partnership is not a legal entity having a residence separate and distinct from the individuals who constitute it. Its analogy to a foreign corporation cannot be made. 51 OS 300.

The trial court did not err in sustaining the motion to quash the service. Judgment affirmed.

Attorneys—Julius R. Samuels, for Smith; Bettman, Riesenberg, Cohen & Steltenpohl, for Pinkertons; all of Cincinnati.