### ALEXANDER YOUNG DISTILLING CO. v. NATIONAL DISTILLERS PRODUCTS CORPORATION.

#### No. 688.

District Court, E. D. Pennsylvania.

March 28, 1940.

D. A. Magaziner, of Philadelphia, Pa., and A. W. Murray, of Chicago, Ill., for plaintiff.

W. Heyward Myers, Jr., and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

WELSH, District Judge.

■ This matter is before the Court on a motion to vacate and set aside the service of a summons and bill of complaint involving an alleged infringement of a trade name. The facts are set forth in affidavits submitted by the opposing parties and raise an issue as to whether or not the defendant corporation was, at the time of service, doing business within this state to an extent which made it amenable to the process of this Court. For present purposes the facts averred in the affidavits must be accepted as true and those having a direct bearing on the issue are briefly recited.

Plaintiff corporation manufactures and sells whiskey under its registered trade name, "YPM", and defendant, National Distillers Products Corporation, manufactures and sells a like product under the trade name of "PM". Prior to June 1, 1937 the defendant corporation sold directly to the Pennsylvania Liquor Control Board. On or about that date, it notified the Liquor Board that thereafter its product should be purchased from its sole and exclusive representative or agent in this state, A. Overholt & Company, Inc., a Pennsylvania corporation. The Liquor Control Board has since then purchased annually, approximately five million dollars worth of the defendant's products through Overholt & Company, to which company all payments have been made. The Overholt Company is a wholly owned subsidiary of the defendant with principal offices at 120 Broadway, New York. This office is also the principal office of the defendant corporation, and both the defendant corporation and its subsidiary, Overholt & Company, have the same offices. The financial statements of the defendant include all of the assets and financial transactions of its subsidiaries. Overholt & Company maintains offices in Philadelphia and Pittsburgh which are in charge of a state manager whose headquarters are at 1518 Walnut Street, Philadelphia. The defendant corporation maintains on the doors of those offices its trade insignia including the name, National Distillers. Its name is also listed on the directories of the office buildings and in the telephone directories in Pittsburgh and Philadelphia with the rooms and 'phone numbers of its subsidiary, Overholt & Company. The de-

fendant also advertises its product extensively throughout the state.

Defendant's affidavits aver that it is a corporation of Virginia, is not authorized to do business in Pennsylvania, owns no property or bank accounts here, and that the business of its subsidiary, Overholt & Company, is separate and distinct from that of the defendant, inasmuch as Overholt & Company rents and maintains its own quarters, employs its own staff of assistants and sales persons, bills and pays all of its accounts directly or through its New York Office, and all necessary licenses in Pennsylvania are issued to Overholt & Company.

Service was made upon the person in charge of the office of the state manager of Overholt & Company in Philadelphia and immediately thereafter, notice was given to the defendant's officers in New York who at once took the present steps to set aside the service. The effectiveness of that service is dependent upon whether the defendant corporation was doing business in Pennsylvania within the meaning of the law. The plaintiff argues that Overholt & Company was merely an agent, adjunct, instrumentality, or branch of the defendant and that defendant was therefore actually doing business in this state. Defendant replies that the distribution of its product through a subsidiary, the maintenance of directory listings and advertising do not in themselves constitute doing business, and that the businesses of the defendant and Overholt & Company are in fact independent in their operations.

■ A foreign corporation may not be sued where it is not present, or is not doing business in the state in which suit is brought (Toledo R., etc., v. Hill, 244 U. S. 49, 37 S.Ct. 591, 61 L.Ed. 982); but what constitutes doing business is a question of fact to be determined largely according to the circumstances of each case. Smithson v. Roneo, D.C., 231 F. 349; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. To render a foreign corporation subject to the jurisdiction, the business done should be continuous, as distinguished from single or casual transactions, and of such character and extent as to warrant the inference that the company has subjected itself to the laws of the state, by conduct if not

consciously. International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; People's Tobacco Co. v. American Tobacco Co., supra. The maintenance of the name of the corporation on an office door or in the telephone directory does not of itself constitute doing business (Philadelphia & Reading Railway Co. v. Robert J. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710), nor is the fact that it carries on transactions in the state with a local subsidiary. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. But without determining the effect of single acts done by the corporation in a state, the court may consider all of its acts together and find that it was actually doing business to such an extent as to render it subject to process. The fact that the name of the corporation is displayed or listed is not controlling but it gives weight in connection with other facts, which may be deemed sufficient to show the doing of business within the state. St. Louis Southwestern Railway Co., v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77.

■ The facts in the present case taken together convince us that the defendant was actually doing business in this state to an extent that should make it subject to the process of this Court. The direct sales prior to June, 1937, notice to the Liquor Board of discontinuance and the designation of an exclusive agency, extensive advertising, the volume of sale, the maintenance of a common principal office, the common identity of the officers of the principal and its agent subsidiary, the listings of names in the various directories, and the combination of the financial statements to include the business of the subsidiary with that of the principal all indicate a direct relationship between the operation of the subsidiary and the defendant for the doing of the defendant's business in this state. That relationship, although not sufficient to bring the corporation within the requirements for registration, was close enough to enable the defendant to carry on an extensive business under the direction of its own officers and through its own wholly owned subsidiary and exclusive agent. The defendant corporation was in fact exercising its corporate powers in the sale and distribution of its product through its controlled subsidiary and agent and was

therefore engaged in business in this state. It should not escape direct responsibility for violation of any rights of others in this district who have suffered as a result of such business, nor should the injured party be compelled to seek his remedy in the state of the defendant's residence. "It is against sound policy when a corporation has grown so large * * * that it finds itself compelled to operate through many subsidiaries, doing nothing directly itself * * * to permit it to enjoy exclusively the fruits of. such subsidiaries' activity and to escape the [concomitant] responsibilities flowing therefrom." Industrial Research Corp. v. General Motors Corp., D.C., 29 F.2d 623, 624.

The relationship of parent and subsidiary together with the other facts noted sustains our finding that defendant was doing business here, that the transactions between them were little more than bookkeeping ones and that the offices of Overholt & Company were for practical purposes instrumentalities or branches of the defendant corporation. It would not be equitable to deny the plaintiff the right to pursue his remedy in the jurisdiction in which his cause of action arose because of technical objection not, under the circumstances of this case, binding upon us. The service upon defendant's agent appears to have been properly made and the motion to vacate and set aside the service is denied.