**COSTELLO v. LEE et al.**

District Court, S. D. New York.

Dec. 18, 1941.

948

Wien & Tomback, of New York City, for plaintiff.

Spiro, Felstiner & Prager, of New York City (Theodore R. Malsin, of New York City, of counsel), for defendant Raymond Laboratories, Inc.

LEIBELL, District Judge.

The defendants are Raymond E. Lee and Raymond Laboratories, Inc. Defendant, Raymond Laboratories, Inc., appearing specially for the purpose of this motion, has moved for an order vacating the service of the summons and complaint herein on said defendant on the ground that defendant is a foreign corporation and is not within the jurisdiction of the Court.

In an affidavit submitted in support of this motion, Raymond E. Lee, president of said defendant, states that Raymond Laboratories, Inc., was incorporated under the laws of the State of Minnesota, and has never qualified to do business in New York. The summons and complaint were served upon him individually and as president of the corporate defendant while he was visiting New York attending a convention of manufacturers of beauty supplies and beauty preparations. He is a resident of Minnesota. The action was instituted in the New York Supreme Court, New York County, and was removed here by the corporate defendant because of diversity of citizenship.

Mr. Lee's affidavit states:

"Raymond Laboratories, Inc. does not transact and has never transacted business in the State of New York. It has never and is not qualified to do business in the State of New York. No officer or director resides or has an office in the State of New York.

"Raymond Laboratories, Inc. is engaged in the business of manufacturing and selling supplies for beauty parlors. Its only factory is in the City of Saint Paul, Minnesota, and its principal and only office is also in that city. Our products are sold throughout the United States, and approximately 8% of our sales are made to customers in the State of New York. All purchases for the corporation are made from the main office in Saint Paul.

"Raymond Laboratories, Inc. has rented a very small amount of office space in the City of New York, which is in charge of Mr. George Barrie, who is the eastern sales representative of the corporation. He is neither an officer, director nor managing agent of Raymond Laboratories, Inc. He is in charge of soliciting sales from customers in all of the States on the eastern seaboard. Mr. Barrie's duties involve only the soliciting of sales as stated, and occasionally the collection of overdue accounts. No business is transacted from this office. Its sole purpose is for use as headquarters for Mr. Barrie and for the other salesmen in the east who only visit it infrequently, and then, for the sole purpose of receiving instructions.

"No sales are made from this office. All sales which are made are subject to confirmation by, and only become effective when approved by the main office in Saint Paul. All invoices are sent from the main office and payments are made to the main office in Saint Paul. All expenses of this office, such as rent, Mr. Barrie's salary, and the salary of a stenographer, who is the sole other employee there, are paid directly from Saint Paul. The corporation maintains no bank account and has no property in the State of New York other than a very small amount of office furniture. No stock of merchandise is carried, except a very small quantity of samples, which are not sold. No stock has ever been carried in the State of New York. Shipments are not made from the State of New York, but are only made from the factory in Saint Paul.

"No books of account are kept in New York, and there never has been and there is not now anyone in the State of New York who has authority to contract for or incur obligations for the corporation. Furthermore, all disputes with customers and other relations with customers are carried

on from the main office in Saint Paul, and not from New York."

Mr. George Barrie, at the Court's request, made an affidavit from which the following paragraphs are quoted:

"I am employed by Raymond Laboratories, Inc. as its Eastern sales representative, and I have been so employed for over one and a half years. I an neither an officer nor a director of that corporation, and I have no proprietary interest in it. I am in charge of soliciting sales for Raymond Laboratories, Inc., of its products in the states on the Eastern seaboard of the United States. My duties require me to visit jobbers whose business is selling beauty supplies to beauty parlors in the states which I have just mentioned, and to attempt to sell the products manufactured by Raymond Laboratories, Inc. to these jobbers. In the course of my duties, I spend about 40% of my time visiting jobbers in states other than New York State. The remainder of my time I spend visiting. jobbers in New York State, and performing the necessary office work in connection with the work I have just outlined, in the office in New York City.

"This office is in the building at 22 West 48th Street, Borough of Manhattan, City of New York, and Raymond Laboratories, Inc. has rented there approximately 400 square feet of space. The lease runs only for one year and expires April 1, 1942. I make my headquarters there and the only other person who works there is my stenographer. The rent for the office, which amounts to $60.00 per month, is paid directly from St. Paul, Minnesota, and my salary, and the salary of the stenographer are also paid directly from St. Paul, inasmuch as the corporation maintains no bank account in New York State. We do, however, have a small petty cash fund from which expenses for purchases of stationery, office supplies and the like are defrayed. Other than the exception just mentioned, all expenses are paid directly from St. Paul.

"No stock of merchandise is carried in this office or anywhere except in the factory at St. Paul, Minnesota. We do have a few samples in the office, but these are not for sale and are never sold. Accordingly, no shipments are ever made from this office. Likewise, no purchases for the operation of the business, other than the insignificant ones mentioned above, are made through this office.

"Working under me are six salesmen who assist me in trying to make sales for Raymond Laboratories, Inc. in the territory I have described above. These salesmen very infrequently visit the office in New York City. I would say that they come into the office approximately once a month, and then it is only for the purpose of discussing sales prospects and methods of selling.

"Orders for merchandise which are solicited by the salesmen and myself are invariably forwarded to the main office in St. Paul, Minnesota for approval and acceptance, and none of us has any power to make a sale binding Raymond Laboratories, Inc. In cases where I take orders I mail them from New York City, if the order is taken in the City; otherwise I mail them directly from where I am.

"No records of sales are kept, nor are there any records of any other kind maintained in the New York office, except that where the orders have been approved and merchandise shipped, we do receive copies of invoices which are used solely for the purpose of my watching the volume of sales in my territory. There is one other exception, and that is, that we keep, in New York, copies of the correspondence which originates there.

"I also call on jobbers to attempt to collect accounts which are long overdue and about which I have been notified by the home office. In some of these cases checks, which are payable to Raymond Laboratories, Inc. are handed to me. They are, of course, immediately mailed by me to the home office. I also, in the course of calling on the trade, occasionally am compelled to listen to the complaints of customers. However, in these cases my duties are only to listen to the complaints and to advise the home office about them. The decision with respect to, and the adjustment of the complaint is made in and from St. Paul.

\*     \*     \*     \*     \*

"The duties of the stenographer, whom I have previously mentioned, involve answering inquiries when I am away from the office, and typing correspondence which involves, for the most part, letters relating to the making of sales."

Mr. Costello in one of his affidavits quotes a letter of Mr. Lee to plaintiff referring to Mr. Barrie as "our New York manager". Mr. Costello also avers:

"Raymond Laboratories Inc. has also used its New York office as a demonstration and instruction centre for beauty parlor owners in the New York vicinity. Two girls are employed there as demonstrators and instructors. I have personally, in cooperation with Mr. Barrie, sent these girls to my customers to instruct them in the use of Raymond Laboratories Inc. products. As a matter of fact, they have come to my office every Saturday to find out if any complaints had been registered with me concerning the products of Raymond Laboratories Inc. They also requested me to give them leads for their products."

To this statement Mr. Barrie replied in a further affidavit, as follows:

"Mr. Costello has also made certain statements about so-called demonstrators and instructors. In my previous affidavit I referred to the fact that there were six salesmen operating in the Eastern territory, and when I said 'salesmen' I was describing the persons whom Mr. Costello calls demonstrators and instructors. These demonstrators and instructors are, in some cases, girls and I call them salesmen because, while they do demonstrate and instruct in the methods of using our products, they do sell in the course of demonstrating and instructing. I wish to make it very clear that the demonstrators and instructors whom Mr. Costello mentions are not in addition to the six salemen whom I mention in my previous affidavit. They are, as I stated above, what I call 'salesmen'."

I am of the opinion that on the facts here presented the nature, character and extent of the business defendant corporation does in New York State are not such as would warrant the conclusion that the corporation is here, so as to be subject to the process of the local courts. Each case of this kind must be determined on its own set of facts. This may be a close case, but so was Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164 which has been frequently cited. The Davega case has recently been cited as authority by our Circuit Court of Appeals in United States Cabinet Bed Co. v. New England Bedding Co., 2 Cir., 100 F.2d 1023. For a discussion of cases on this question of what constitutes doing business within the State, see Cannon v. Time, Inc., 4 Cir., 115 F.2d 423.

The motion of the corporate defendant for an order vacating and setting aside the service of the summons and complaint herein and dismissing this action as to said defendant on the ground that the Court has no jurisdiction over the person of said defendant is granted.