## SHELTON v. SCHWARTZ et al.
### No. 3252.

District Court, N. D. Illinois, E. D.
Jan. 15, 1942.

James R. McKnight, of Chicago, Ill., for plaintiff.

Wilhartz & Hirsch and William Ruger, all of Chicago, Ill., for defendants.

BARNES, District Judge.

This cause comes on to be heard on the motion of Carl Zeiss, Inc., to vacate an order defaulting said corporation for failure to answer the amended complaint, and, also, upon motions to dismiss as to said Carl Zeiss, Inc., for want of jurisdiction and to quash and set aside the attempted service of process upon said Carl Zeiss, Inc., for the reasons that it is a New York corporation, not authorized to do business in Illinois, has no agent or agents engaged in conducting its business in the Northern District of Illinois, and therefore has no "regular and established place of business" in this district within the meaning of 28 U.S.C.A. § 109.

This is a patent infringement suit, and the applicable statute on the motions to dismiss for want of jurisdiction and to set aside the service is Section 109, Title 28, United States Code, which reads:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction * * * in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The affidavits submitted by the parties establish the following facts: That Carl Zeiss, Inc., is a corporation organized under the laws of the state of New York, with its principal place of business in the city of New York; that for the past 15 years, it has maintained an office in Chicago, used by two salaried employees of the company to solicit orders for the company's products from residents of the district; that the name of the corporation appears in the Chicago telephone directories, on the index of tenants of the building in which it maintains an office and on the door of its office; that the present lease for the office

calls for the payment of rent by the company for "an office for said company's business"; that in the office, in which the company's two employees have desks, are show cases in which are displayed sample products of the company, and there are also kept in the office and distributed therefrom folders and circulars describing the products of the company; that samples of its products for use by its employees in soliciting orders are carried in the Chicago office; that the employees in the Chicago office have no authority to accept or fill orders for the company's products, but they have authority only to solicit such orders and to forward them, when obtained, to the office of the company in New York for acceptance and filling, or rejection; and that, when orders received from the Chicago office are accepted, the goods are shipped directly from the New York office to the purchaser in Chicago. There is some conflict in the evidence, but the court is of the opinion that the foregoing states the facts as they have existed.

The weight of authority seems to be that the maintenance of an office by a foreign corporation, however long established and well equipped, to be used by its employees in soliciting business and doing things incidental to procuring orders for goods, which are manufactured and the sales of which are consummated by such corporation in another jurisdiction, does not constitute the maintenance of a "regular and established place of business" within the meaning of Section 109, Title 28, United States Code. St. Louis S. W. Ry. Co. v. Spring River Stone Co., 236 U.S. 718, 35 S.Ct. 456, 59 L.Ed. 805; Elevator Supplies Co. v. Wagner Mfg. Co., D.C., 54 F.2d 937; Hoegger v. F. H. Lawson & Co., D.C., 35 F.2d 219; Wilson v. McKinney Mfg. Co., 9 Cir., 59 F.2d 332; Root v. Samuel Cupples Envelope Co., D.C., 36 F.2d 405; Zimmers v. Dodge Brothers Inc., D.C., 21 F.2d 152; Haight v. Viking Pump Co., D.C., 29 F.Supp. 575, 576.

Accordingly, the motions will be granted.

Orders to that effect may be made at the opening of court on Tuesday, January 20, 1942, without any other or further notice than this.