## KAFFENBERGER et al. v. KREMER et al.

### Civil Action No. 4410.

District Court, E. D. Pennsylvania.

Aug. 13, 1945.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises on a motion to dismiss the action or, in lieu thereof, to quash the return of service of summons on the ground of improper service of process under rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiffs brought this suit against George Kremer and George Kremer, Jr., individually and as co-partners trading as Roux Distributing Company, to recover damages for injuries to Margaret Kaffenberger caused by an allegedly defective hair dye manufactured and distributed by defendants.

The United States Marshal made service of summons upon defendants by leaving attested copies thereof at defendants' "place of business * * * located at 904 Fox Building, 17th and Market Streets, Philadelphia, Pennsylvania, with Kathryn Digan,

who is manager of their Philadelphia office, and in charge of their business in this district at that time * * *."

Defendants filed the affidavit of George Kremer, Jr., in support of the motion to dismiss. Plaintiffs filed no affidavit or other evidence in opposition thereto. The motion therefore must be decided on the facts averred in the complaint and defendant's affidavit which, for the purpose of this motion, will all be accepted as true. Alexander Young Distilling Co. v. National Distillers Product Corporation, D.C.E.D. Pa., 33 F.Supp. 334; Metropolitan Life Ins. Co. v. Skov, D.C., 45 F.Supp. 140.

In the affidavit, defendant avers that the space used by defendants in the Fox Building was used only for the purpose of giving free instruction in the use of their products, and that Kathryn Digan had authority only to solicit orders to be accepted at the New York office. The denials in the affidavit that Kathryn Digan was an agent and that defendants were not doing business in Pennsylvania are self-serving conclusions rather than statements of fact from which the Court can draw conclusions and are, therefore, of little aid in this proceeding. The only relevant averment of fact in the complaint is the following ambiguous statement: "The defendants are George Kremer and George Kremer, Jr., individually and as co-partners trading as Roux Distributing Company, a corporation organized under the laws of the state of New York."

From these meager facts I am unable to determine (1) whether the Roux Distributing Company was doing business in such a manner and to such an extent as to warrant the inference that, through its agents, it was present in the district, for the purpose of process[1]; and (2) whether service was made upon a proper representative of the defendants. Riverside & Dan River Cotton Mills v. Menefee, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910. Ascertainment of these matters is essential for a determination whether there has been proper service of process under Rule 4 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

Nothing with respect to the nature, extent and manner of conducting business, or the relationship between the Roux Distributing Company and Kathryn Digan is shown. In fact, there is nothing before the Court to establish whether defendants are citizens of Pennsylvania or of another state, and whether the Roux Distributing Company is a partnership or a corporation.

I will therefore defer determination of this matter for thirty days, during which time the parties will be permitted, if they desire, to amend the pleadings, to submit affidavits or to take depositions, in a manner not inconsistent with the Federal Rules of Civil Procedure, in order to assist the Court in a just determination of the question whether there has been proper service of process.

---

[1] Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710.