**KAFFENBERGER et al. v. KREMER et al.**
**Civil Action No. 4410.**

District Court, E. D. Pennsylvania.
Dec. 31, 1945.

B. N. Richter, of Philadelphia, Pa., for plaintiffs.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is a motion to dismiss the action or, in lieu thereof, to quash the return of service of summons under the Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c. In an opinion filed August 13, 1945, 4 F.R.D. 478, I deferred determination of this motion for a period of thirty days because there were insufficient facts before the court to determine the motion on its merits, granting leave to the parties to place additional facts on the record in a manner not inconsistent with the Federal Rules of Civil Procedure. Plaintiff then filed an affidavit and supplementary brief in opposition to the motion and defendants filed an affidavit, in addition to an affidavit previously filed, and a supplementary brief in support thereof. The matter is now before the court for determination.

Plaintiffs brought this action against George Kremer and George Kremer, Jr., individually and as co-partners trading as Roux Distributing Company, to recover damages for injuries to Margaret Kaffenberger caused by the application of an allegedly defective hair dye manufactured and distributed by defendants.

The United States Marshal made service of summons upon defendants by leaving attested copies thereof at defendants'

"place of business * * * located at 904 Fox Building, 17th and Market Sts., Phila., Pa., with Kathryn Digan, who is manager of their Philadelphia office, and in charge of their business in this district at that time. * * *"

■ The motion must be decided on the facts averred in the complaint and affidavits which, for the purpose of this motion, will all be accepted as true. Alexander Young Distilling Co. v. National Distillers Products Corporation, D.C.E.D.Pa., 33 F.Supp. 334; Metropolitan Life Ins. Co. v. Skov, D.C.Or., 45 F.Supp. 140. The facts before the court are as follows:

Plaintiff Margaret Kaffenberger, a citizen and resident of Philadelphia, Pennsylvania, suffered injuries as a result of the application of defendants' product at a beauty parlor located in Philadelphia. Defendant Roux Distributing Company is a partnership registered under the laws of the State of New York. Defendants George Kremer and George Kremer, Jr., citizens and residents of New York City, are the individual members of the partnership. The office and principal place of business of the partnership is located in New York City.

Defendants sell their products to about one thousand jobbers or wholesalers. The products are sold upon written orders with title passing to the purchasers in New York. These jobbers and wholesalers, in turn, sell the Roux products to beauty parlors and retailers in their respective communities. Defendants employ representatives who travel about the country making good-will calls and demonstrating the use of their products to beauty parlor operators and other retailers. These representatives do not accept orders for defendants' products, but refer such requests to the local wholesalers or jobbers who fill the orders out of their own stock. These representatives ordinarily do not have local offices but travel about on agreed itineraries. They receive their compensation from defendants and receive no compensation in any form from the wholesalers to whom they refer orders.

Defendants maintain an office in the Philadelphia area at 904 Fox Building, known as the Roux Instruction Center. At the time of the injury in 1944, this office was listed in the Philadelphia telephone directory under the name "Roux Distributing Company." The office serves as an instruction center for use of defendants' products in the Philadelphia area. There are no goods kept in that office for the purpose of sale. No orders are received or filled there, nor are any payments for defendants' products made in that office. The advertising for defendants' products originates in the New York office and not in the Philadelphia office. The rent, light and telephone bills for the Philadelphia office are paid by the home office in New York. Miss Kathryn Digan, who is in charge of the Philadelphia office, and all other employees in this area are employed, discharged and paid through the home office. The office is closed several days during each week. Kathryn Digan has no authority to bind defendants by oral or written agreements, but is authorized to give instruction in the use of defendants' products and receive complaints which are then referred to the New York office. If she receives orders in the course of her duties, they are referred to local distributors or the home office and are filled at the discretion of the distributor or defendants.

Defendants contend that the service of process on Kathryn Digan cannot be sustained either as to defendant partnership or the individual partners on the grounds (1) that defendants are not doing business within the jurisdiction of this court for the purpose of service, (2) that Kathryn Digan was not a proper agent, either in law or fact, to receive service, and (3) that service upon the individual defendants in the manner described denies them the due process of law.

■ The defendant partnership and its members are domiciled without the jurisdiction of this court and service was not made upon the individual members of the partnership within the jurisdictional limits of the Court. Therefore, a preliminary question arises whether the partnership entity was doing business within this jurisdiction at the time of service of summons, since the service can be sustained, if at all, upon that premise only. A partnership doing business in a state in which it is subject to suit in a firm name, is subject to the jurisdiction of the courts of that state or district as to causes of action arising there. Sugg v. Thornton, 132 U.S. 524, 10 S.Ct. 163, 33 L.Ed. 447; Esteve Bros. & Co. v. Harrell, 5 Cir., 272 F. 382. Under the facts of the instant case the question of the amenability of defendants to process

is one similar to that of a foreign corporation defendant.[1] Unless the foreign defendants were present within the jurisdiction of this court either personally or because they were doing business within the jurisdiction in such a sense as to make them amenable to the process of this court, service of process upon them here, in any manner or form, would deny the defendants due process of law. Riverside & Dan River Cotton Mills v. Menefee, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910; Brown v. Shields & Co., Inc., D.C.Mass., 41 F.2d 542; Rendleman v. Niagra Sprayer Co., E.D.Ill., 16 F.2d 122; Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755.

The existing case law in the federal courts as to what constitutes the doing of business within a jurisdiction so as to submit a foreign entity to the process of its courts is in confusion. The Supreme Court has formulated certain basic and guiding principles and beyond these each case must depend upon its own facts. Clements v. MacFadden Publications, Inc., D.C.E.D. Tex., 28 F.Supp. 274; Hinchcliffe Motors, Inc. v. Willys-Overland Motors, Inc., D.C. Mass., 30 F.Supp. 580; Costello v. Lee, D. C.S.D.N.Y., 43 F.Supp. 947.

■ The general rule formulated by the Supreme Court requires that a foreign business entity, at the time of service of process, must be doing business within the federal district in such a manner and to such an extent as to warrant the inference that, through its agents, the corporation or partnership entity is present and subject to the laws of the jurisdiction where served, in order that service of process and the rendition of a personal judgment against the defendant do not violate due process. Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L. Ed. 1047; Philadelphia & Reading R. Co. v. McKibben, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; St. Louis Southwestern R. Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77; Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782. In order to come within the rule, however, mere proof of any business activity within the district is not enough. Green v. Chicago, B. & Q. R. Co., 205 U. S. 530, 27 S.Ct. 595, 51 L.Ed. 916; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808.

■ Defendants were actively engaged in the promotion of Roux products in the Philadelphia area. For this purpose it maintained an office in the Fox Building which was open several days a week. Defendants' policy was to provide free instruction in the use of the products, but there was no active solicitation of sales by the instructors. If the retailers or beauty parlor operators who received instructions desired to purchase the Roux products, they were referred to local distributors or the home office. The instructors had no authority to accept the orders and received no commissions on sales which could be traced to their promotion efforts.

On the basis of these facts I do not think that defendants were doing business within this district in a manner and to an extent which made them amenable to the process of this court. Defendants' agent was not engaged in selling its product. Doubtless, the effect of the agent's efforts was to increase sales by the retailers and the local distributors, and thus indirectly the sales of the defendants. But this is a mere incident to defendants' business. Zimmers v. Dodge Brothers, Inc., D.C. N.D.Ill., 21 F.2d 152. Advertising, promotion and good-will operations within a jurisdiction do not constitute doing business for the purpose of service. Haight v. Viking Pump Co. of Delaware, D.C.E.D. Wis., 29 F.Supp. 575; Shelton v. Schwartz, D.C.N.D.Ill., 43 F.Supp. 328. Further, even direct solicitation of business or advertising in the defendants' interests without more would be insufficient to bring defendants' business activities within the rule. People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Green v. Chicago, B. & Q. R. Co., supra; Peebles v. Chrysler Corporation, D.C., W.D.Mo., 57 F.2d 867; Davega, Inc. v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164.

■ The mere fact that defendants maintain an office within this district does not necessarily establish a doing of business within the definition. Green v. Chicago, B. & Q. R. Co., supra; Neely v. Philadelphia Inquirer Co., 61 App.D.C. 334, 62 F.2d 873; Costello v. Lee, supra. The maintenance of an office within the district must be for the purpose of accomplishing matters which, in themselves, constitute the

---

[1] Restatement, Conflict of Laws (1934) § 86, comment a.

doing of business. Fowble v. Chesapeake & O. R. Co., D.C.S.D.N.Y., 16 F.2d 504; Case v. Smith, Lineaweaver & Co., C.C. N.Y., 152 F. 730. By the same token, the placing of defendants' name upon the office door and in the telephone directory, while material and evidentiary, is of little weight if defendants' business activities cannot be considered doing business for the purpose of service. Mas v. Owens-Illinois Glass Co., D.C.E.D.Va., 34 F.Supp. 415.

Plaintiff argues that this case comes within the rule of International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, which established the "solicitation-plus rule." The Supreme Court there held that a continuous course of business in the solicitation of orders resulting in a flow of defendants' products into the state coupled with the authority granted to defendants' representatives to receive payment for the orders constituted doing business for the purpose of service of process. The case expressly preserved the ruling in Green v. Chicago, B. & Q. R. Co., supra., that solicitation per se is not enough. Although the International Harvester Co. case modified the rule of the Green case to some extent and provided some measure of elasticity in the rule, the latter case is still accepted as controlling although severely criticized. Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Peebles v. Chrysler Corporation, supra.

Plaintiff also advances Frene v. Louisville Cement Co., supra, as controlling authority. Judge, now Mr. Justice, Rutledge, speaking for the court, criticized the Green case and urged repudiation of that doctrine. However, his cogent reasoning on this point remains dicta since the decision rested on the "solicitation-plus" doctrine of the International Harvester Co. case and the court did not find it necessary to repudiate the rule of the Green case.

Whatever may be the force of the International Harvester Co. and Frene cases, I do not think that the facts of the instant case come within the "solicitation rule." In all of the "solicitation" cases the agents served were engaged directly in selling the defendants' goods or services, and the problem raised was whether solicitation of sales or solicitation of sales together with other business activities was sufficient to bring the defendants within the jurisdiction of the court. There may be little dis-tinction between promotion of good-will, advertising and efforts to increase the sales of the local distributors on one hand, and direct selling on the other hand. However, the distinction has been recognized by the cases and promotion and good-will activity is considered an incidental business activity, insufficient to make a foreign business entity amenable to service of process. Zimmers v. Dodge Brothers, Inc., supra.

Under the facts herein presented, I must hold that defendants were not doing business within this district in such a manner as to subject them to service of process here. The other contentions advanced by defendants in support of the motion to dismiss therefore need not be considered.

Defendants' motion to dismiss the action is granted.