## READ v. CORBITT CO.
### No. 9612.

United States District Court
E. D. Pennsylvania.
March 30, 1950.

126

J. Webster Jones, Philadelphia, Pa., for plaintiff.

H. Francis DeLone, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is a motion by the defendant to dismiss the action, or, in lieu thereof, to quash the return of service of the summons.

Plaintiff, a resident of Montgomery County, Pennsylvania, brought this action against defendant, a Delaware corporation, having its principal office and place of business at Henderson, North Carolina, for breach of contract. The return of service by the United States Marshal reads as follows: "I hereby certify and return, that on the 7th day of June, A.D. 1949, I received the within summons and served the same at Phila., Pa., in my district, on June 7, 1949, upon The Corbitt Company by leaving a true and attested copy thereof, together with a copy of the complaint,—at the dwelling house, located at 501 W. Hortter St., Phila., Pa., of William S. Lowe, Managing Agent in Charge of The Corbitt Company's affairs in this district at that time,—with an adult member of his family, to wit: his wife, Mrs. A. H. Lowe, and making contents of the same known to her."

The motion must be decided on the facts averred in the complaint, affidavits, and deposition, which for the purpose of this motion will be accepted as true.[1]

The facts before the Court are as follows:

Defendant company is engaged in the business of manufacturing trucks, tractors, and trailers at Henderson, North Carolina.

On or about November 29, 1948, plaintiff placed with a dealer, C. W. Anderson, an order for the purchase of a truck from defendant for the sum of $7,000.00 of which a down payment of $3,000.00 was made by plaintiff by check in that amount payable to the order of "The Corbit Company" (sic). The order carried the following inserts, "$3000.00 Deposit Ballance (sic) $4000.00 Plus Tax Contract For Hauling With Hershel Mathews Trucking Inc. At Compision (sic) To Be At Least 75. Percent of Gross Tarrif (sic). Contract And Traile (sic) To Be Approved By Pursher (sic) On Delivery, Or Trailer To Be Resold And Deposit Returned." Defendant disclaimed any responsibility in connection with the hauling contract, claiming that that was a matter for determination

1. Kaffenberger v. Kremer, D.C.E.D.Pa., 63 F.Supp. 924; Alexander Young Distilling Co. v. National Distillers Products Corporation, D.C.E.D.Pa., 33 F.Supp. 334; Metropolitan Life Ins. Co. v. Skov, D.C.Or., 45 F.Supp. 140.

between plaintiff and Mathews. Defendant notified plaintiff trailer was ready for delivery and requested advice as to when plaintiff would call. Plaintiff replied that he would call for trailer "as soon as you tell me you have the hauling contract also for me as stated in my contract with you." Following that impasse the suit was instituted.

Defendant owns no property in Pennsylvania and maintains no office in Pennsylvania; it is not listed in any telephone directory in Pennsylvania; it carries no bank account in Pennsylvania; its products are not delivered in Pennsylvania but are delivered at the North Carolina plant where the purchaser takes physical possession of the truck or trailer involved.

W. J. Lowe is employed by defendant as its sole representative in Eastern Pennsylvania, and although his title is "District Manager," his chief functions are to solicit dealers to handle defendant's products and to solicit orders for defendant's products; he is paid on a salary basis plus a commission paid on total sales over a certain amount; he solicits orders where defendant has no dealers and in addition, irrespective of dealers, he sells direct to so called national accounts; he uses his home as the base for his operations; he has no authority to close contracts with dealers and his suggestions in relation to dealers is subject to confirmation by the home office of the defendant; he has no authority to adjust claims; orders solicited directly by him are subject to acceptance by the home office; down payments are channelled through Lowe to the defendant by check drawn to the order of defendant and forwarded by Lowe to the home office in North Carolina, or, if the down payment is made in cash, by Lowe's depositing the cash in his personal account and forwarding his own check to the home office; he has no functions other than those in connection with the solicitation of dealers and direct orders.

From July, 1948, to October, 1949, approximately fifteen Corbitt trucks or trailers were sold to Pennsylvania customers, grossing about $100,000.00.

The home office in North Carolina reserved the right to approve or reject suggestions by Lowe as to prospective dealers and also all orders forwarded either by Lowe or any dealer.

The plaintiff argues that the things done by defendant's representative in this jurisdiction were sufficient to make defendant amenable to the process of this Court when served on that representative; defendant, on the other hand, contends that it was not doing business in Pennsylvania in 1948 and therefore the service is void.

Very recently in Hanley Company, Inc., v. Buffalo Forge Company, D.C., W.D.Pa., 89 F.Supp. 246, I discussed at some length my understanding of the law as it has been stated by the Supreme Court of the United States on the over-all question here involved, starting with the "mere solicitation" doctrine as propounded in Green v. Chicago, Burlington and Quincy Railway Company, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, through the "solicitation-plus" doctrine of International Harvester Company of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and ending with "presence theory" of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. I see no necessity to repeat the same here but do adopt by reference the comments therein made. " * * * Although the rule (mere solicitation) has not been clearly and expressly repudiated by the Supreme Court, its integrity has been much impaired by the decisions which sustain jurisdiction when very little more than 'mere solicitation' is done."[2] Nevertheless, in this case I can see nothing but solicitation, first of dealers, and secondly of orders.

Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides a method of service of process, inter alia, on foreign corporations. It is furthermore provided in Rule 4(d) (7) that "it is also

2. Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 517, 146 A.L.R. 926.

sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." This is an action based on diversity of citizenship and no federal statute is applicable. It is therefore necessary to inquire as to whether the service made herein was valid under the law of Pennsylvania.

 In Pennsylvania service of process on foreign corporations is governed by Pennsylvania Rule of Civil Procedure No. 2179(a), 12 P.S.Appendix. This rule provides that service on a foreign corporation may be effected only in "(1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business." Since the defendant has no registered office in Pennsylvania and its principal place of business is not located here, it follows that under Pennsylvania law service can be sustained only if it has been served with process in a county "where it regularly conducts business." Rule 2179 (a) (2) in using the term "regularly conducts business" merely restates the earlier Pennsylvania cases which invalidated service on foreign corporations which were not "doing business" within the county where they were served.

As stated in the Goodrich-Amram Procedural Rules Service (Standard Pennsylvania Practice), section 2179 (a) (2),

"Subdivision (2) of Rule 2179(a) restates the prior practice with respect to venue of actions against domestic corporations, and introduces no new concept. Decisions under the prior practice remain authoritative insofar as they discuss what does and does not constitute sufficient activiy within the particular county to support venue therein."

A long line of cases starting with Shambe v. Delaware & Hudson R. R. Co., 1927, 288 Pa. 240, 135 A. 755, through New v. Robinson-Houchin Optical Company, 1947, 357 Pa. 47, 49, 53 A.2d 79, 80, have consistently held that "Mere solicitation of business within the commonwealth does not in itself constitute the 'doing of business.'"

I therefore conclude that defendant was not doing business within this District in such manner as to subject it to service of process here.

Motion to dismiss the action and to quash the service of the summons is granted.