**CONVERY et al. v. CLAIROL, Inc.**
**Civ. A. No. 16594.**

United States District Court
E. D. Pennsylvania.
Aug. 19, 1954.

Charles E. Dougherty, of Dougherty, Thompson & Wilson, Philadelphia, Pa., for plaintiffs.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiffs are residents of Philadelphia, Pennsylvania; defendant is a Connecticut corporation with its principal office in New York, New York. Defendant is not registered with the Secretary of the Commonwealth of Pennsylvania as a foreign corporation authorized to transact business in Pennsylvania. This suit is for breach of warranty involving a product manufactured and marketed by defendant and applied by a beauty shop in Philadelphia, in the bleaching of plaintiff Grace Convery's hair which resulted in certain alleged injuries to said plaintiff. The matter is now before the Court on defendant's motion to dismiss the complaint on the grounds of lack of venue and improper service.[1] The motion is based on the contention that the defendant was not doing business in Pennsylvania in the sense of being subject to service of process therein, and secondly, that service was not made upon an authorized agent of the defendant. The motion must be decided on the facts averred in the complaint and a deposition which for the purpose of this motion will be accepted as true.[2]

The facts before the Court are as follows:

Defendant, a manufacturer of hair preparations, is a Connecticut corporation with its plant in Connecticut and its principal office in New York, New York. Murray Abrams has been employed by defendant for three years on a salary basis as its district manager located in Philadelphia. His promotion and sales activities cover five states and he has supervision of seven technicians who are paid by the company. Defendant's products are sold in about 85 per cent of the beauty parlors in the Philadelphia area with total annual sales approximating $150,000. Defendant gets its products to the ultimate consumer through approximately 20 distributors in the Philadelphia area with whom it has active accounts. Abrams, the district manager, solicits orders from distributors which he in turn forwards to his employer in New York where they may be accepted or rejected, as, for example, for credit reasons. The function of the technicians is to instruct beauty shop operators in the use of defendant's products. The technicians also take orders from the beauty shops which are turned over to one of the local dealers or jobbers for processing. Defendant, through its district manager, Abrams, maintains a telephone answering service to handle all telephone calls from customers. This service is located at Room 512 Jefferson Building, 10th and Chestnut Streets, Philadelphia, Pennsylvania. The rental fee covering said telephone service at this location is paid by the company. Defendant also leases a classroom in the Wilfred Academy of Hair and Beauty Culture, 1612 Market Street, Philadelphia, where it gives instruction to beauty shop operators and their employees in the use of its products, and generally to help the said operators and employees with their problems.

1. The Marshal's return of service reads as follows:
"I hereby certify and return, that on the 1st day of April 1954 I received the within summons and on April 2, 1954, served the same upon Clairol, Incorporated by leaving a copy thereof, together with a copy of the complaint, with Mrs. Abrams, wife of Mr. Murray Abrams, District Manager for the said Corporation,—at 45 Crimson King Lane, Levittown, Pa., and making contents of same known to Mrs. Abrams."

2. Read v. Corbitt Co., D.C.E.D.Pa., 10 F.R.D. 125.

Since jurisdiction here is based solely on diversity of citizenship, it is necessary to apply the Pennsylvania law of "doing business" to determine the validity of service of process.[3] The leading case in Pennsylvania, of course, is Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755, 757. The court there spelled out the test as follows:

"* * * The essential elements which constitute 'doing business,' as required by our laws, are the same as those necessary under the due-process clause of the federal Constitution. We must ascertain if the following requisite essentials appear in this case: (1) The company must be present in the state, (2) by an agent (citing cases); (3) duly authorized to represent it in the state (citing cases); (4) the business transacted therein must be by or through such agent (citing cases); (5) the business engaged in must be sufficient in quantity and quality (citing cases); (6) there must be a statute making such corporations amenable to suit (citing case). The term 'quality of acts' means those directly furthering, or essential to, corporate objects; they do not include incidental acts (citing cases). By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough. (Citing case.) Each case must depend on its own facts, and must show that the essential requirement of jurisdiction has been complied with."

While it is true defendant did not maintain a formal office with all of the customary equipment in Philadelphia, it certainly did maintain headquarters where its employees met and conferred and where they could be reached by their customers by telephone. An annual business in this area of $150,000 is certainly substantial. The organization in Pennsylvania was an active one and one that not only confined itself to mere solicitation of orders but rather one that concerned itself with building a stronger organization of distributors and dealers and thereby increasing the sale of defendant's merchandise.[4] In addition, orders were taken from retailers which were turned over to local dealers or distributors for processing.[5] The organization was interested in making the public conscious of and receptive to its product, in equipping the beauty parlors with the necessary know-how to properly use the product, and finally to sell the product. This is a solicitation plus case.

Motion to dismiss the complaint will be denied.

---

3. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193; Read v. Corbitt Co., supra; Allentown Record Co., Inc. v. Agrashell, Inc., D.C.E.D.Pa., 101 F. Supp. 790, 792; see also Woods v. Interstate Realty Co., 337 U.S. 535, 69 S. Ct. 1235, 93 L.Ed. 1524.

4. Myers Motors, Inc. v. Kaiser-Frazer Sales Corp., D.C.Minn., 80 F.Supp. 18.

5. Kraus v. American Tobacco Co., 284 Pa. 569, 131 A. 487.