MODERN CONTRACT FURNISHINGS, INC., Plaintiff, v. BISHOP INTERNATIONAL ENGINEERING CO., Defendant.

Common Pleas Court, Hamilton County.

No. A-173476. Decided February 19, 1960.

Harry Rockwern, for plaintiff.
Leonard A. Weakley of Taft, Stettinius & Hollister, for defendant.

**OPINION**

By LEIS, J.:

This matter is presently before the Court on defendant's motion to Quash the Service of Summons.

The defendant is a partnership with its principal office in San Francisco, California. The partnership is composed of three partners, none of whom is a resident of Ohio. The defendant has been engaged in the completion of a construction project in Kentucky, and established in Cincinnati, Ohio, an office solely to facilitate supervision of the Kentucky project. The person in charge of the Cincinnati office is the Superintendent of construction on the Kentucky project.

The plaintiff, a creditor of defendant, alleges an account of $4,409.29 is due and unpaid by defendant.

The plaintiff attempted service of summons upon the defendant by leaving a copy of the summons at the local Cincinnati office of the defendant partnership. Sec. 2703.08 R. C., prescribes the manner in which service of summons can be made upon a defendant.

"Service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence; or, **if the defendant is a partnership sued by its company name, by leaving a copy at its usual place of doing business or with any member of such partnership.** The return must be made at the time mentioned in the writ, and the time and manner of service shall be stated on the writ." (Emphasis added.)

The question arises whether or not the defendant's office in Cincinnati is the partnership's "usual place of business" as prescribed in the statute above.

From the brief submitted by defendant's counsel, the Court finds the office serves to facilitate supervision of the Kentucky project. The defendant solicits no business in Ohio, is not now and has never engaged in business in Ohio, and has supervised no other projects than the one here involved from its Cincinnati office. The plaintiff does not rebut this argument and the Court, therefore, has to consider it as correct. Under these circumstances, the Court is of the opinion that the defendant is not "doing business" in Ohio (see 10 A. L. R. 2nd 200 (1950) for a summary of cases on this subject).

"The mere fact that defendants maintain an office within this (jurisdiction) does not necessarily establish a doing of business within the definition." (Kaffenberger v. Kremer, 63 F. Supp. 924.)

Since the defendant is not at law "doing business" in Ohio he cannot at law have a "usual place of doing business." Therefore, the service of summons is not valid in this "In Personam" action by leaving the summons in the Cincinnati office of the defendant.

The defendant in his argument relies heavily on the rule set forth in the case of **Smith v. Pinkerton, 2 Abs 618 (Hamilton County App. 1924),** as follows:

"Sec. 11286 GC (now §2703.08 R. C.), permitting service of summons on a partnership at its usual place of business applies only to resident partnerships and not to nonresidents doing business in this state. Any other construction would be repugnant to the Fourteenth Amendment of the United States Constitution."

The above decision would deny the plaintiff proper service of summons in this case simply because the defendant is a foreign partnership.

This Court questions whether the decision of Smith v. Pinkerton (Supra) should apply if the partnership had been "doing business" in this state. A partnership is not a legal entity separate from the individuals who own it, but if a partnership business expands geographically to points beyond its state borders, its management has to be delegated of necessity to others, either resident partners or managers who are not partners. If the decision in the Smith v. Pinkerton (Supra) is applied fully, any foreign partnership doing Ohio business would be immune from all legal responsibility in Ohio if no partner personally could be served within the State.

For an interesting analysis of service upon nonresidents doing business in a state, and the constitutional law involved, the Court directs your attention to the case of Davidson v. Doherty & Co., 91 A. L. R. 1308 and the Annotation which follows at 91 A. L. R. 1327. Also see 42 Am. Jur., Process, Section 78, "Non-Residents Doing Business in State" and 30A Am. Jur., Judgments, Section 26, "Opportunity to be Heard."

Defendant's motion to Quash Service of Summons will be sustained.

Please present an entry accordingly.