**FARR'S, INC.**

v.

**NATIONAL SHOES, INC.**

Civ. A. No. 27616.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1960.

Thomas N. O'Neill, Jr., Philadelphia, Pa., for plaintiff.

William T. Coleman, Jr., Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Plaintiff brought this action for trademark infringement and unfair competition against defendant, a New York corporation. Service of the Complaint was made on one R. J. Fox, manager of a shoe store in Reading operated by National 151 Corporation (a wholly-owned subsidiary of defendant). The defendant moved to quash service and also to transfer the case to the United States District Court for the Southern District of New York under 28 U.S.C.A. §§ 1404 and 1406. Defendant claims it was not doing business in Pennsylvania, had no agent there, and Mr. Fox was not its agent.

The record includes these facts:

1. Defendant is a New York corporation owning various trademarks by assignment. It supervises the operation of 170 stores which resell goods bearing its proprietary marks.

2. National 151 Corporation is a wholly-owned subsidiary of defendant which does business in the Eastern District of Pennsylvania. It buys all its merchandise from defendant for resale and is a party to an agreement with defendant relating to the licensing of defendant's trademarks and certain supervision of the use of same.[1] One of National 151 Corporation's stores is the one at 7th and Penn Streets, Reading, which Mr. Fox manages.

3. All of the officers and directors of National 151 are officers and directors of National Shoes.[2]

4. National 151 does not issue annual reports. The annual report of defendant includes transactions of National 151 and defendant's profit and loss statements and balance sheets include financial data and results relating to the status and operations of National 151.

5. National 151 has its office, which is in this District, separate from defendant's office (which is in the Southern District of New York), maintains its own books and separate bank accounts, carries on business in its own name, rents its own office and store, pays its own bills and hires its own employees. Its own officers and directors determine its policies (even though the same men also act as officers and directors of the parent corporation).

If the separate identity of a subsidiary is real and is formally preserved, the for-

---

1. The Stipulation marked as Document No. 25 contains this language:

"National Shoes, Inc. has a contract with National 151 Corporation upon which contract National 151 Corporation pays National Shoes, Inc. for its supervision of the operations of National 151 Corporation. The amount that is paid is five (5%) per cent. of the gross sales. Mr. Green is paid out of the money received by National Shoes, Inc. He receives a salary.

"* * * He is a sort of a travelling salesman, who actually does not sell any goods, but sees to it that the goods which are being sold in the store are not sold in such a manner as to derogate the good will in the trademarks of National Shoes, Inc., and to assure that the stores are receiving the proper amount of merchandise, as ordered by the store manager.

"The shoes of National Shoes, sold in all of its stores, are sold at one price. The price is fixed by the buyers located at the main offices of National Shoes, Inc., in the Borough of Bronx, City of New York. Obviously, the prices are keyed to the trademarks, and National Shoes, Inc. uses this method of fixing the prices of the shoes which it sells, so that in the retail outlets, the same prices maintain, regardless of location."

2. One director of National Shoes, Inc. is not an officer or director of National 151 Corporation.

eign parent corporation must be carrying on business in its own right in the District to be subject to jurisdiction for purposes of service of process. Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Fergus Motors v. Standard-Triumph Motor Co., D.C.S.D.N.Y.1955, 130 F. Supp. 780.[3]

■ Assuming, without deciding, that the above-cited decisions are inapplicable and defendant is doing sufficient business in this District to be subject to service of process,[4] it is not doing business for the purpose of being required to register and acquire a license. See Alexander Young Distilling Co. v. National Distillers Products Corp., D.C.E.D.Pa.1940, 33 F.Supp. 334, at page 336, where this court said:

"That relationship, *although not sufficient to bring the corporation within the requirements for registration,* was close enough to enable the defendant to carry on an extensive business under the direction of its own officers and through its own wholly owned subsidiary and exclusive agent." (Emphasis supplied.)

Cf. Berkman v. Ann Lewis Shops, 2 Cir., 1957, 246 F.2d 44; Howell v. Kennecott Copper Corp., D.C.E.D.Pa.1957, 21 F.R.

D. 222, affirmed 3 Cir., 1958, 258 F.2d 946. This court has held that the latter test must be satisfied in order to satisfy the venue requirements of 28 U.S.C.A. § 1391(c). See Remington Rand, Inc. v. Knapp-Monarch Co., D.C.E.D.Pa.1956, 139 F.Supp. 613, 618 ff.

■ Defendant has no office, warehouse or other facility in Pennsylvania and maintains no inventory of merchandise in this District. One of its employees, Harry Green, visits the three Pennsylvania stores of National 151 from time to time in order to see that the goods sold in these stores are not sold in such a manner as to harm the good will attached to defendant's trademarks and to assure that the stores are receiving the proper amount of merchandise as ordered by the store manager. This activity is insufficient to show that defendant was "doing business" here for the purpose of being required to secure a license.[5]

Defendant made no sales or solicitations in this District and has no other financial agreements with National 151 besides the licensing agreement mentioned previously. Although the lease for the principal office of National 151 was guaranteed by defendant,[6] there is no evidence as to where this guarantee

3. As far as jurisdiction for service of process is concerned, defendant had no direct Pennsylvania sales prior to incorporation of National 151 Corporation with subsequent discontinuance thereof and designation of the subsidiary as an exclusive agency; the record shows no extensive advertising by defendant; the volume of sales in Pennsylvania has not been shown; and National 151 Corporation and defendant did not maintain a common, principal office. All of these factors were commented upon as contributing to the decision in Alexander Young Distilling Co. v. National Distillers Products Corp., D.C.E.D.Pa.1940, 33 F.Supp. 334, 336.

4. See 15 P.S. § 2852-1011, subd. C (Pa. 1959), which says a foreign corporation performing acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object is "do-

ing business" for the purpose of service of process.

5. Cf. Sikes v. Rexall Drug Co., D.C.W.D. Va.1959, 176 F.Supp. 33. In that case, defendant and a Virginia corporation had entered into a franchise agreement. The Virginia corporation participated in Rexall "1¢ Sales" and shared advertising costs. Agents of defendant did the following acts in Virginia: solicited orders, instructed employees of the Virginia corporation in the use of advertising media supplied by defendant and in displaying defendant's products, and paid commissions to sales people selling certain items. Defendant was held not to be "doing business" in Virginia and its motion to quash service and dismiss for lack of jurisdiction and for failure to state a claim was granted.

6. The office and Pennsylvania stores are leased by National 151 Corporation and the rents paid by that corporation.

was made. If made in New York, the guarantee would not be a business dealing in this District. Cf. Berkman v. Ann Lewis Shops, 2 Cir., 1957, 246 F.2d 44, 50–51. The telephone listing for the Allentown store of National 151 Corporation is not sufficient to hold that defendant is doing business in this District.[7]

As defendant corporation was not "doing business" under 28 U.S.C.A. § 1391 (c), the venue of this case has been laid in the wrong District.[8] In the interest of justice, this case will be transferred to the United States District Court for the Southern District of New York under 28 U.S.C.A. § 1406(a). In view of this transfer, the motion to quash the service of process and stay all proceedings (Document No. 3) is moot, since it is admitted that defendant may be served in the Southern District of New York.[9]

If this case were to remain in this District, this court would have some doubt as to whether the case should not be stayed until the previously instituted proceeding in the United States Patent Office is completed. It is noted that in the case of Townley Clothes, Inc. v. Gold-ring, Inc., 1953, 100 U.S.P.Q. 57, the federal courts had refused to restrain the proceeding previously filed in the Patent Office. It is not clear on this record that failure of this court to take any such action, in connection with the previously instituted proceeding of a quasi-judicial nature involving the subject matter of this suit, had been called to the attention of the Trademark Trial and Appeal Board of the Patent Office when the order of July 1960, staying the proceedings before such Board, was entered.

### Order

And now, December 22, 1960, after consideration of the above Motions, the record, oral argument, and briefs of counsel, it is ordered that (1) defendant's Motion to Transfer This Action to the United States District Court for the Southern District of New York (Document No. 4) is granted and that this case be transferred to that Court; (2) defendant's Motion to Quash Service of Process and Stay Proceedings (Document No. 3) is denied as being moot; and (3) defendant's Motion to Transfer under 28 U.S.C.A. § 1404 (Document No. 26) is denied as being moot.

7. The listing reads "Nat'l. Shoes, Inc." The Reading store is listed under the title "Nat'l. Shoes" and the Flourtown Store, under "Nat'l. Shoe Stores." See Howell case, supra.

8. Plaintiff's brief in opposition to the present motion (Document No. 31), at pages 5 and 6, lists certain facts considered relevant by this and other courts in other decisions. Many of these alleged relevant facts do not appear on this record.

9. The Stipulation docketed as No. 22 in the Clerk's file makes clear that the Amended Complaint (Document No. 11), joining National 151 Corporation as an additional defendant, is not effective until further order of this court, which has not been sought as of this date.